not preclude an accounting. (See 43 N. Y. Jur., Partnership, § 235.) If the law was violated, Benjamin violated it as much and as knowingly as Charles, if not more so. He should not, therefore, be permitted to profit from the wrong. " Equity is not an avenger of wrongs committed at large by those who resort to it for relief " (2 Pomeroy on Equity Jurisprudence [5th ed.], § 399, pp. 95–96). The doctrine of unclean hands is only available when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct. (*Weiss* v. *Mayflower Donut Corp.*, 1 N Y 2d 310, 316; *Green* v. *Le Beau*, 281 App. Div. 836; *Seagirt Realty Corp.* v. *Chazanof*, 13 N Y 2d 282.) If the plaintiff " is guilty of inequitable conduct toward the defendant in the transaction, his hands are *as clean* as the court can require " (*Smiling Irishman* v. *McDonald*, 183 Misc. 985, 988; *Mindlin* v. *Grissman*, 137 Misc. 838). Whether Charles or Benjamin evaded the payment of income taxes was and is not the issue in this case. The revenue laws, if violated by taxpayers, provide ample punishment and in any event such evasion would be collateral to the contract between the parties (2 Pomeroy on Equity Jurisprudence [5th ed.], p. 114). Prima facie, plaintiff established by competent evidence, a valid and enforceable partnership agreement. It was error to dismiss his complaint, and for that reason we reverse and order a new trial. Concur — Stevens, P. J., Capozzoli, Tilzer, Markewich and Nunez, JJ.

■ VERA-HUE WILLIAMS, Respondent, v. HOTEL CORPORATION OF AMERICA, Appellant, et al., Defendant.— Determination of the Appellate Term in this action for property loss and personal injuries due to fire, dated April 25, 1968, affirming judgment of the Civil Court, entered on July 26, 1967, in the sum of $4,356, reversed on the law and facts and a new trial ordered, with costs to abide the event. Implicit in the verdict is the finding that the smoking by appellant's employees in the English Room caused the fire. On the issue of proximate cause between the alleged smoking and the fire, the verdict is against the weight of the evidence. On the argument of the appeal, plaintiff-respondent withdrew claimed items of property damage concerning a bolero mink jacket and an evening gown. The new trial directed is limited as far as items of damage are concerned to the claimed loss of the diamond earring and the alleged personal injuries. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.

(Republished)

■ NATIONAL GYPSUM COMPANY, Respondent, v. ELJAM MASON SUPPLY, INC., Appellant.— Order entered March 3, 1969, and judgment entered March 12, 1969, unanimously affirmed, with $50 costs and disbursements to respondent. No opinion. Concur — Eager, J. P., Capozzoli, McGivern, McNally and Steuer, JJ.

# (June 10, 1969)

■ In the Matter of MICHAEL SQUITTIERI et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and DOMINICK A. FUSCO, Respondent. In the Matter of PASQUALE E. MELE, Appellant, v. JAMES M. POWER et al., Respondents, and RICHARD W. HEITNER et al., Respondents. In the Matter of SAMUEL WINNER et al., Appellants, v. JAMES M. POWER et al., Respondents, and ILUMINADA CASTRO, Respondent. In the Matter of WILLIAM J. WATERMAN et al., Appellants, v. JAMES M. POWER et al., Respondents, and MARIETTE FUSCO, Respondent. In the

Matter of FRANCIS H. LARKIN et al., Appellants, v. JAMES M. POWER et al., Respondents, and FRANCIS J. KANE et al., Respondents. In the Matter of FRANK GAROFOLO et al., Appellants, v. JAMES M. POWER et al., Respondents, and PAUL SPITALIERI et al., Respondents. In the Matter of JOHN C. ANARELL et al., Appellants, v. JAMES M. POWER et al., Respondents, and THOMAS M. DE ROSA et al., Respondents. In the Matter of DOMINIC R. MASSARO et al., Appellants, v. JAMES M. POWER et al., Respondents, and ANTHONY F. RIZZO et al., Respondents. In the Matter of RALPH L. GIORDANO et al., Appellants, v. JAMES M. POWER et al., Respondents, and PASQUALE EUVINO et al., Respondents. In the Matter of JAMES GUARASCI et al., Appellants, v. JAMES M. POWER et al., Respondents, and CHARLES A. AVARELLO et al., Respondents. In the Matter of FRANK J. MASTANDREA et al., Appellants, v. JAMES M. POWER et al., Respondents, and DANTE FUSCO et al., Respondents. — Orders entered June 5, 1969, appealed from unanimously affirmed, without costs and without disbursements. (See Ramos-Lopez v. Heffernan, 64 N. Y. S. 2d 603.) Concur — Stevens, P. J., Eager, Tilzer, McNally and Steuer, JJ.

In the Matter of B. McGEEVER, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and FREDERICK L. SULLIVAN et al., Respondents.—Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Stevens, P. J., Eager, Tilzer, McNally and Steuer, JJ.

In the Matter of JOSEPH BERKOWITZ et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and DOROTHY T. STRAUB et al., Respondents.— Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Stevens, P. J., Eager, Tilzer, McNally and Steuer, JJ.

In the Matter of HERBERT BIRNBAUM, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and GILBERT MONTANO et al., Respondents. — Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Stevens P. J., Eager, Tilzer, McNally and Steuer, JJ.

In the Matter of GEORGE W. MILLER et al., Respondents, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and CHARLES B. RANGEL et al., Appellants.— Judgments unanimously affirmed, without costs and without disbursements. No opinion. Concur — Stevens, P. J., Eager, Tilzer, McNally and Steuer, JJ.

THANA SKOURAS et al., Respondents, v. C. RUSSELL FELDMANN, Appellant.— Order entered on January 14, 1969, unanimously affirmed, with $30 costs and disbursements to the respondents, on the memorandum decision at Special Term. Examination is to be held on 10 days' written notice as to time and place, or such other time and place as may be agreed to by the parties. No opinion. Concur — Eager, J. P., McGivern, Markewich, Nunez and McNally, JJ.

In the Matter of the Accounting of LEWIS G. GAINES et al., as Executors of ISIDOR JAFFE, Deceased, Respondents-Appellants. SHIRLEY KAHN et al., Appellants-Respondents; W. DONALD NYLAND, Special Guardian, Respondent-Appellant. — Decree entered July 3, 1968, from which cross appeals are taken by the respective parties, modified on the law, the facts and in the exercise of discretion in the following particulars: The executors are personally surcharged for the full amount of the special guardian's fee, the legacies to the infant wards (children of the objectants) with interest as specified in the decree, and with such amounts as are due to creditors and tax authorities by the executors on behalf of the estate. The executors could not by agreement divest themselves of their legal responsibilities, particularly to the infant legatees. We also specifically affirm the determination of the learned Surrogate with respect to the agreement dated