Per Curiam.

Petitioners seek an order compelling the Board of Elections of Suffolk County to validate certain designating petitions. Respondents moved to dismiss claiming that the proceeding was barred by section 330 of the Election Law which states that judicial review must be sought "within fourteen days after the last day to file petitions”. It is conceded that July 24, 1975 was the last day on which designating petitions could be filed and that this proceeding was instituted on August 21, 1975, the date on which petitioners learned that the board had determined that the designating petitions which they had filed were invalid. In other words, when the petitioners only learned by telephone of the board’s determination, the time for seeking judicial review had already expired. That at least would be the consequence of a mechanical application of the statute. Special Term denied the motion and validated the petitions but the Appellate Division reverséd.
With the enactment of section 330 of the Election Law the Legislature intended to provide access to a judicial forum in order to redress alleged abuses or irregularities in the electoral process especially administrative errors (see Matter of Coughlin, 198 NY 613, affg 137 App Div 283, 285; Matter of Mansfield v Epstein, 5 NY2d 70). To this end the courts have been vested with broad powers to review, correct and thus maintain the integrity of elections generally. Of course, the purpose could never have been to allow the administrative agency to have power by its own delay to deny judicial review of its action. At the same time, the Legislature recognized that such judicial review would only be effective if it was achieved expeditiously. Accordingly, a brief period of limitations, 14 days, was incorporated.
The assimilation of these factors has resulted in the courts of this State exercising broad summary jurisdiction circum *496 scribed, by narrow time limits. Thus, in Matter of Squitieri v Power (32 AD2d 751, affd 25 NY2d 801) the proceeding was dismissed as untimely despite the fact that the failure was occasioned by a delay in the mails. Similarly in Matter of Burton v Coveney (41 AD2d 943, affd 32 NY2d 842) although the Board of Elections had been timely served, the proceedings were dismissed for the reason that the individual respondents were served by mail after the 14-day period had expired. (See, also, Matter of Constantino [Cioffi], 262 App Div 957, affd 286 NY 681.)
It is fundamental that a statute must be read with the legislative goal in mind, so that controversies generated by ambiguities or gaps in the law may be resolved in accordance with the legislative scheme. (See 1 Kent Commentaries 462.) Courts are obligated to apply a statute to the extent possible to accomplish its purpose and to avoid incongruous, unreasonable, or unjust results. If we were to apply the statute in this case simplistically, based on a mechanical reading of language, the legislative purpose of providing a judicial remedy would be denied in precisely the kind of case where it might be most needed, namely where the board has been guilty of undue delay unnecessarily, or worse, deliberately (cf. Davidson v Eastman, 35 NY2d 735). Here, the petitioners received notice of the Election Board’s determination that their designating petitions were invalid after the 14-day period had run. The instant proceeding was commenced on that same day. To hold that the petitioners are foreclosed from seeking their statutory remedy under these circumstances would be to frustrate the legislative purpose and lead to a perverse result.
Accordingly we hold that the explicit time limitation of subdivision 1 of section 330 shall not be so construed in this case as to preclude this proceeding, promptly instituted after petitioner first had notice of the determination of the Board of Elections, where neither formal notification under section 145 had been given nor any informal notice had been received by them within the statutory 14-day period. Under these circumstances this proceeding could not have been "timely” instituted if we were to consider the statute literally.
The order appealed from should be reversed and the matter remitted to the Appellate Division for review of questions of fact, if any, raised in the Appellate Division (CPLR 5613).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones,
*497 Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.