**7** VIOLA C. NELSON, Appellant, v ANTHONY VITETTA et al., Respondents.—In a proceeding to validate a petition designating appellant Viola C. Nelson as a candidate in the Republican Party primary to be held on September 14, 1976 for the public office of State Assemblyman from the 91st Assembly District, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 9, 1976, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. *Matter of Pell v Coveney* (37 NY2d 494) is distinguishable upon its facts. In that case, the board of elections did not make its determination until after the time for the commencement of a proceeding under section 330 of the Election Law had passed. Latham, Acting P. J., Cohalan, Margett, Rabin and Shapiro, JJ., concur.

■ SUSAN McGUIRE et al., Appellants, v KATHLEEN BENTLEY et al., Respondents.—In a proceeding to remove certain of the respondents from the election rolls maintained by the Commissioners of Election for Rockland County and the Village Clerk for the Village of Suffern, the appeals are from (1) an order of the Supreme Court, Rockland County, dated April 14, 1976, which denied petitioners' motion to direct that service previously effected be approved and (2) a judgment of the same court, entered May 21, 1976, which dismissed the proceeding. Order and judgment reversed, without costs or disbursements, motion granted, and proceeding remanded to Special Term for further proceedings not inconsistent herewith. In our view, under the facts and circumstances shown, the appearance in this proceeding by the respondent voters constituted a waiver of any defects in personal service, thereby conferring upon the court jurisdiction over their persons. The procedure best suited for determining whether the respondent voters are qualified to vote is a hearing, whereat Special Term shall hear proof on the issue of residence. Latham, Acting P. J., Cohalan, Margett, Rabin and Shapiro, JJ., concur.