■ In the Matter of KENNETH C. JONES, Appellant, v NEW YORK STATE BOARD OF ELECTIONS, Appellant, and JAMES D. BREWSTER et al., Respondents. (Proceeding No. 1.) In the Matter of PAUL G. SPAULDING, Respondent, v NEW YORK STATE BOARD OF ELECTIONS, Appellant, and KENNETH C. JONES, Appellant. (Proceeding No. 2.)—Appeals in Proceeding No. 1 from a judgment of the Supreme Court at Special Term, entered August 21, 1978 in Albany County, which denied petitioner's application, in a proceeding

pursuant to section 16-102 of the Election Law, seeking to invalidate the designating petition of candidates for the office of State Committeeman for the 33rd Congressional District in the September 12 primary election. Appeals in Proceeding No. 2 from a judgment of the Supreme Court at Special Term, entered August 21, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to validate petitioner's designating petition as a candidate of the Conservative Party for the office of United States Representative from the 33rd Congressional District in the September 12 primary election. On July 27, 1978 two designating petitions were filed with the State Board of Elections. One petition designated petitioner Spaulding as a Conservative Party candidate for the office of United States Congressman from the 33rd Congressional District (congressional petition). The other petition was filed by Mr. William Jones and three other candidates for the office of State Committeeman for the 33rd Congressional District (committeeman petition). On July 31, 1978 Kenneth C. Jones filed objections to the congressional petition and on August 7, 1978 filed specifications of grounds thereto. On August 4, 1978 Col. Jones filed objections to the committeeman petition and on August 10 filed specifications of grounds thereto. Pursuant to section 6-154 of the Election Law objections must be filed within three days after the filing of a petition and specifications of objections must be filed within six days after the filing of the objections. A hearing was conducted by the State Board of Elections on Friday, August 11, 1978. The board disallowed the objections of Kenneth Jones as not timely filed (Election Law, § 6-154) and invalidated several pages of both designating petitions due to the failure of the witnesses to comply with section 6-132 of the Election Law. This determination prompted separate proceedings to be brought at Special Term. Special Term disagreed with the board's decision on both of the above issues, finding substantial compliance with the law. Additionally, Special Term found substantial compliance with section 16-102 of the Election Law which requires this type of proceeding to be brought within 14 days after the last day (July 27, 1978) to file designating petitions. On appeal in Proceeding No. 1, appellants raise only the issue of whether Special Term correctly validated both designating petitions on the basis of substantial compliance with section 6-132 of the Election Law. On appeal in Proceeding No. 2, the appellants raise the same issue concerning substantial compliance with section 6-132 of the Election Law. Additionally, however, appellant Jones raises the issue as to whether or not the proceeding was timely commenced. The determination of the issue as regards the timeliness of Proceeding No. 2 is directly related to the question of whether or not appellant Jones substantially complied with the provisions of section 6-154 of the Election Law regarding the filing of objections and attendant specifications. It is clear that the objections filed July 31, 1978 and attendant specifications filed August 7, 1978 to the congressional petition were timely. The transcript of the proceedings at Special Term establishes that due to a clerical error at the Board of Elections, the existence of the committeeman petition was not made known to appellant Jones until August 3, 1978. Accordingly, Special Term correctly found that appellant Jones substantially complied with the time requirements for filing objections contained in section 6-154 of the Election Law. And, since the objections and specifications of objections were timely filed on August 4 and since the Board of Elections did not rule on these objections until August 11, we find that the respondent Spaulding, as an aggrieved candidate, timely commenced his proceeding to validate his designating petition (*Matter of Pell v Coveney,* 37

NY2d 494). We now turn to the issue raised on the appeals in both proceedings, namely, whether or not various sheets of the committeeman petition and the congressional petition which contain incomplete or inaccurate descriptions of ward and election districts in the witness statement are in substantial compliance with section 6-132 of the Election Law rendering the signatures thereon valid. Contrary to the mandate of section 4-100 of the Election Law, Cayuga County is divided into legislative districts and then into precincts in cities and districts in towns. Most of the rest of the State is divided into wards and election districts. The Board of Elections has concluded that in Cayuga County a precinct is the equivalent of an election district and a legislative district is the equivalent of a ward. Here, the petition forms used by the persons seeking to be designated as candidates in the primary election for State Committeeman and United States Representative were not specifically adapted to Cayuga County and the witness' statements contained blanks for insertion of election district and ward or assembly district rather than precinct and legislative district or assembly district. Appellants point to the witness' statement on each of several sheets of both petitions where the witness' statement contains incomplete or inaccurate descriptions of either precincts or legislative districts. The Court of Appeals has consistently required strict compliance with the requirements of the Election Law with respect to the form of a designating petition (Election Law, §§ 6-130, 6-132). Lack of correct or completion of vital information on a designating petition renders the often difficult and tedious task of verifying the validity of the signatures on such petition virtually impossible (*Matter of Vari v Hayduk,* 42 NY2d 980; *Matter of Berry v Dodd,* 38 NY2d 995; *Matter of Rutter v Coveney,* 38 NY2d 993). Consequently, since substantial compliance is not sufficient under section 6-132 of the Election Law, the signatures on those sheets of the petitions where the witness' statement contain inaccurate or incomplete description of the precinct or legislative district are invalid. The invalidation of these signatures means that both the committeeman petition and the congressional petition do not contain the requisite number of signatures necessary for a valid petition and, therefore, each designating petition must be rejected. Judgment in Proceeding No. 1 reversed, on the law and the facts, without costs, and petition granted. Judgment in proceeding No. 2 reversed, on the law and the facts, without costs, and petition denied. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.