■ In the Matter of ABRAHAM THOMPSON, Respondent, v THOMAS W. WALLACE, as Executive Director of the New York State Board of Elections, Respondent, and NORMAN M. SCHNEIDER, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 21, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to invalidate the designating petition designating appellant as a candidate of the Liberal Party for the office of State Senator, 35th Senatorial District, in the September 12 primary election. The sole issue raised on this appeal is whether or not the failure of the petitioner to timely commence the present proceeding seeking to invalidate appellant's designating petition was properly excused. Concededly, the present proceeding was not commenced within 14 days after the last day to file petitions as required by subdivision 2 of section 16-102 of the Election Law. Petitioner, however, seeks to be excused from failing to commence his proceeding within the 14-day statutory period

since the respondent Board of Elections had originally ruled in his favor on his objection to the appellant's petition and he was not notified of the board's reversal of its original ruling until August 11, 1978 which was after the 14-day period had expired. The present proceeding was commenced on August 18. Although in the case of an aggrieved candidate the 14-day statutory period contained in subdivision 2 of section 16-102 of the Election Law is not absolute *(Matter of Pell v Coveney,* 37 NY2d 494) where, as here, the petitioner in the 16-102 proceeding is an objector who has delayed seven days after being notified by the Board of Elections of an adverse ruling on his objection the failure to timely commence the proceeding cannot be excused *(Matter of Bruno v Peyser,* 54 AD2d 591, affd 40 NY2d 827). Judgment reversed, on the law and the facts, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.