### (September 4, 1980)

■ CHRISTOPHER C. BLENMAN et al., Appellants, v MELVILLE B. HERRON et al., Respondents.—In a proceeding to enjoin the board of elections from placing the names of Melville B. Herron, Richard C. Wiltshire and Eleanor Rollins upon the ballot for the Democratic Party primary election to be held on September 9, 1980 for the positions of member of the State Assembly, 41st Assembly District, Member of the State Committee (Male) and Member of the State Committee (Female), respectively, the appeal is from a judgment of the Supreme Court, Kings County, dated September 2, 1980, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. No opinion. Gibbons, J. P., O'Connor and Weinstein, JJ., concur.

Cohalan, J., dissents and votes to reverse the judgment and grant the petition to the extent of remitting the matter to the board of elections for further proceedings, with the following memorandum: In this proceeding, petitioners sought, by way of order to show cause in an article 78 proceeding, to prevent the board of elections from placing the names of respondents Melville B. Herron (as candidate for the State Assembly from the 41st Assembly District) and Richard C. Wiltshire and Eleanor Rollins (as a male and a female candidate for Member of the State Democratic Committee from the 41st Assembly District) on the ballot for the primary election scheduled to be held on September 9, 1980. The time sequence of events reveals the following (all dates are 1980): Herron, Wiltshire and Rollins (hereafter respondents) filed their petition on July 24. Petitioners filed their general objections on July 28 and two days later filed specifications. Proof of personal service of the objections was duly filed. The petition of the respondents contained a total of 782 signatures. Five hundred valid signatures were necessary to qualify. Clerks of the board of elections struck 476 of the 782 signatures, and declared a total of only 306 valid. On August 7 the board convened to conduct a hearing on the specified objections to the respondents' petition. In the sincere belief (later verified by an admission of an official of the board of elections) that his moving papers to strike the respondents' petition were in proper order, the attorney for the petitioners neglected to appear at the board meeting. The members of the board were informed that no proof of service had accompanied the objections. They therefore failed to act, and by their inaction necessarily accepted the

petition of the respondents. No formal notice of the inaction was ever given to the attorney for the within petitioners or to the petitioners themselves. However, on August 26, by happenstance, petitioners' attorney learned that the names of the three respondents were about to be placed on the primary ballot. On the very next day he commenced the within proceeding by order to show cause. A hearing was held in Supreme Court, Kings County, on August 29. At that hearing an official of the board of elections produced the proof of service, the supposed lack of which had resulted in inaction on August 7. The excuse offered for the delay in producing the proof was that it had been placed inadvertently in another file. At the close of the hearing Special Term dismissed the proceeding. This appeal resulted. In urging their position for relief, petitioners relied at Special Term, and still rely on *Matter of Pell v Coveney* (37 NY2d 494). There, through administrative error, the petitioner-candidate was not notified that his petition had been invalidated until several days after his right to seek judicial review had already expired. The court noted (p 495): "With the enactment of section 330 [see Election Law, § 16-102], the Legislature intended to provide access to a judicial forum in order to redress alleged abuses or irregularities in the electoral process especially administrative errors [citations omitted]. To this end the courts have been vested with broad powers to review, correct and thus maintain the integrity of elections generally." And, further, the court continued (p 496): "If we were to apply the statute in this case simplistically, based on a mechanical reading of language, the legislative purpose of providing a judicial remedy would be denied in precisely the kind of case where it might be most needed, namely, where the board has been guilty of undue delay unnecessarily, or worse, deliberately". Based on *Pell (supra),* I would reverse the judgment appealed from, annul the action (or inaction) of the board, and direct it to recovene on Friday, September 5, 1980, to take the proofs of its own clerks as to the validity or invalidity of the signatures allegedly subject to disqualification, and to render and publish a decision thereon.