## (September 8, 1982)

■ ENRIQUE CORDERO, Appellant, v EUGENIO MALDONADO et al., Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Kings County (Deely, J.), dated September 7, 1982, which dismissed the proceeding to validate his designating petition. Judgment affirmed, without costs or disbursements. On August 10, 1982 appellant filed his designating petition for the public office of council member from the 27th Councilmanic District, Kings County. On Thursday, August 26, 1982, the board of elections invalidated his petition. It is conceded that the last day to commence a proceeding, pursuant to article 16 of the Election Law, for judicial review of the board's determination was August 24, 1982, 14 days after the last day on which designating petitions could be filed. Since the board's determination was made on August 26, the appellant could not have commenced a proceeding within the statutory time period. By order to show cause dated August 30, 1982 appellant sought review of the board's determination (see *Matter of Pell v Coveney,* 37 NY2d 494). That proceeding was dismissed on Tuesday, August 31, for failure to name all necessary parties. By order to show cause dated September 3, appellant commenced a second proceeding to review the board's determination. That proceeding was dismissed on September 7 as untimely. In *Matter of Pell v Coveney (supra),* the Court of Appeals held that the 14-day time limitation for judicial review does not preclude proceedings which are promptly instituted after a petitioner first has notice of the board's determination. The court opined that although the Legislature recognized that judicial review would only be effective if it was achieved expeditiously, the purpose of the 14-day time limitation in the statute "could never have been to allow the administrative agency to have power by its own delay to deny judicial review of its action" (p 495). In *Matter of Pell v Coveney (supra)* the petitioner, who learned of the board's determination almost one month after the 14-day time period had expired, instituted a proceeding the same day he received notice of the board's determination. Contrariwise, in the instant case, appellant learned of the board's determination on Thursday, August 26, yet waited until Monday, August 30, before instituting the first of his two proceedings to review said determination. When that proceeding was dismissed on procedural grounds on Tuesday, August 31, he waited until Friday, September 3, before instituting the instant proceeding. Appellant's delay in bringing both proceedings distinguishes this case from the prompt action of the petitioner in *Matter of Pell v Coveney (supra).* Accordingly Special Term properly dismissed the proceeding. Weinstein, J. P., Brown, Rubin and Boyers, JJ., concur.