■ In the Matter of PHILIP J. BOSCO, Appellant, v F. WILSON SMITH et al., Respondents, and IMOGENE R. MAYER et al., Respondents-Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Rockland County (Slifkin, J.), dated August 17, 1984, which denied an application to invalidate the designating petitions of F. Wilson Smith and Imogene R. Mayer.

Judgment reversed, on the law, without costs or disbursements, application granted and the Board of Elections is directed to remove the names of F. Wilson Smith and Imogene R. Mayer from the appropriate ballot.

Petitioner seeks to invalidate the instant designating petitions for failure to comply with subdivision 4 of section 2-102 of

the Election Law. That section states that whenever a political party establishes a rule providing for equal representation of the sexes on the State Committee, "the designating petitions and primary ballots shall list candidates for such party positions separately by sexes". The rules of the Republican State Committee concededly require such equal representation, and the designating petitions named a male and female. However, the petitions did not state anywhere that Imogene R. Mayer was female and F. Wilson Smith was male.

The Court of Appeals has repeatedly held that there must be strict compliance with statutory commands as to matters of prescribed content (*Matter of Hutson v Bass,* 54 NY2d 772; *Matter of Higby v Mahoney,* 48 NY2d 15). Smith and Mayer failed to designate their respective sexes anywhere on the designating petitions. Thus, unlike the case of *Matter of Goldblum v Power* (5 NY2d 749), this is not merely a matter of form, where the requisite information is contained in the designating petition. Rather, the necessary information is completely omitted. Consequently, the application to invalidate should have been granted. We note that Smith and Mayer's challenge at Special Term to the service of the petition to invalidate was not raised on appeal and has therefore not been considered. Brown, J. P., Rubin, Lawrence and Eiber, JJ., concur.