(September 6, 1984)

■ In the Matter of ROBERT M. CARR, Respondent, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and JOHN F. BERNARD, Appellant. — In a proceeding to validate a certain designating petition, the appeal is from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), entered August 29, 1984, which granted the application.

Judgment affirmed, without costs or disbursements.

Robert M. Carr is a candidate for the position of Member of the State Committee of the Liberal Party for the 96th Assembly District. The last date for the filing of his designating petition was July 26, 1984. Therefore, pursuant to subdivision 2 of section 16-102 of the Election Law, any proceeding with respect to that petition should have been commenced within 14 days of that date, that is, on or before August 9, 1984. On August 10, 1984, the Board of Elections invalidated Mr. Carr's designating petition. Six days after the statutory period expired, he commenced the instant proceeding by order to show cause to validate his designating petition.

Special Term, relying on *Matter of Pell v Coveney* (37 NY2d 494), declined to dismiss the proceeding as untimely. We agree, and accordingly affirm the judgment under review. In *Matter of Pell v Coveney (supra)*, the Court of Appeals held that where the Board of Elections does not reject a candidate's designating petition until after the expiration of the 14-day period, a strict application of the statutory time period would be unjust, and the proceeding should be entertained provided the candidate exercises due diligence.

In this case, the candidate commenced the proceeding within five days after the Board of Elections invalidated his designating petition, and thus acted with reasonable diligence. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.