■ In the Matter of ELLIOT S. PALAIS, Appellant, v ANTONIA R. D'APICE et al., Respondents, and SALVATORE J. SIALIANO, Respondent-Respondent.—In a proceeding to invalidate petitions designating Salvatore Sialiano as a candidate in the

Republican Party primary election to be held on September 10, 1985 for the office of Councilmember from the Second Ward of the City of Yonkers, petitioner Elliot S. Palais appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated July 31, 1985, which granted respondent-respondent's cross petition for an opportunity to ballot.

Judgment affirmed, without costs or disbursements.

The facts disclose that petitioner commenced a proceeding to invalidate the designating petition of Salvatore J. Sialiano by order to show cause dated July 23, 1985. Sialiano cross-petitioned on July 26, 1985, requesting an opportunity to ballot (Election Law § 6-164). The 14-day period within which a court proceeding was required to be commenced with respect to the validation or invalidation of the designating petition expired July 25, 1985 (Election Law § 16-102 [2]). Sialiano states that the Board of Elections informed him on July 25, 1985 that his petition had been invalidated. He interposed the instant cross petition, in which he requested an opportunity to ballot, the next day. Special Term granted the cross petition. On appeal, petitioner argues, *inter alia,* that the cross petition was untimely and the court, therefore, lacked jurisdiction to grant relief. We disagree.

In *Matter of Pell v Coveney* (37 NY2d 494) the Board of Elections did not reject the candidates' designating petitions until after the 14-day period (*see,* Election Law former § 330) had expired. The Court of Appeals held that strict application of this statutory time period would be unjust and deemed the candidates' prompt institution of a proceeding to validate their designating petitions, after notice of the board's decision, to be timely. In the matter at bar, Sialiano filed his cross petition only one day after receiving notice from the board that his designating petition had been invalidated and only one day after the 14-day period had expired. Here, as in *Matter of Pell v Coveney (supra),* strict application of the statutory time period would be unjust and we thus deem the cross petition to be timely (*see also, Matter of Carr v New York State Bd. of Elections,* 104 AD2d 577; *Gartner v Salerno,* 74 AD2d 958, 959, *lv denied* 49 NY2d 704).

Moreover, we find no reason to disturb Special Term's decision to afford Republican voters an opportunity to ballot at the primary election (*see, Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614). Such relief was properly granted where, as here, there has been the "intention * * * manifested to nominate some candidate" by the political party

involved (*Matter of Hunting v Power,* 20 NY2d 680, 681). Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.