■ In the Matter of KERRY T. FORTES, Appellant, v GLORIA ENGLISH et al., Respondents.—In a proceeding to validate a petition designating Kerry T. Fortes as a candidate in the Republican Party primary election to be held on September 15, 1987, for the public office of Sheriff of Rockland County, the petitioner appeals, as limited by his oral argument, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered August 13, 1987, as dismissed that branch of the petition which was for a judgment directing the Board of Elections of Rockland County to afford enrolled Republican voters of Rockland County the opportunity to write in names of candidates for the office of Sheriff.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the application is granted to the extent that the Board of Elections of Rockland County is directed to afford enrolled Republican voters of Rockland County the opportunity to write in names of candidates for the office of Sheriff.

The petitioner Kerry T. Fortes filed a designating petition as a Republican Party candidate for the public office of Sheriff of Rockland County. Pursuant to Election Law § 16-102 (2), the last day to commence a proceeding with respect to the petition was July 30, 1987. On July 31, 1987, the petitioner received notice by mail of the decision of the Board of Elections of Rockland County to invalidate his designating petition. Thereafter, on August 5, 1987, the petitioner commenced the instant proceeding. The Supreme Court dismissed the proceeding, finding it to be untimely. We disagree.

The board of elections failed to notify the petitioner of its decision to invalidate the petition until after the statutory period had expired. Under such circumstances, strict adherence to the requirements of Election Law § 16-102 has been held to be unjust provided that it can be established that the petitioner has acted with due diligence to commence the proceeding following notification by the board (see, Matter of Pell v Coveney, 37 NY2d 494; Matter of Jones v Sachs, 133 AD2d 195 [decided herewith]). Here, we conclude that the petitioner did in fact act with due diligence in commencing the proceeding within five days after notification of the board's action (see, Matter of Carr v New York State Bd. of Elections, 104 AD2d 577). Accordingly, the proceeding was timely brought.

At the oral argument of this appeal, the petitioner abandoned that part of his proceeding which sought to validate the

petition. However, we grant his alternate prayer for relief to afford the Republican voters an opportunity to ballot at the primary election (see, Matter of Brown v Ulster County Bd. of Elections, 48 NY2d 614), as it would appear that there was an "intention * * * manifested to nominate some candidate" by the political party involved (Matter of Hunting v Power, 20 NY2d 680, 681). Brown, J. P., Weinstein, Eiber and Kooper, JJ., concur.