■ In the Matter of GERALDINE W. JONES et al., Respondents, v ALICE SACHS et al., Respondents-Respondents, and JAMES H. DEGRAFFENREIDT, Appellant.—In a proceeding to validate a petition designating Geraldine W. Jones and Lee H. Bostic as candidates in the Republican Party primary election to be held on September 15, 1987, for the respective Party positions of Female Member of the Republican State Committee, 29th Assembly District, Queens County (petitioner Jones), Male Member of the Republican State Committee, 29th Assembly District, Queens County (petitioner Bostic), and Delegates to the Republican Judicial District Convention, Eleventh Judicial District, Queens County (petitioners Jones and Bostic), the appeal is from a judgment of the Supreme Court, Queens County (Le Vine, J.), dated August 11, 1987, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners, Geraldine W. Jones and Lee H. Bostic, are candidates for the Republican Party positions of Female Member of the Republican State Committee (Jones), Male Member of the Republic State Committee (Bostic), and Delegates to the Eleventh Judicial District Republican Convention, in the 29th

Assembly District, Queens County. The last day for the filing of the designating petition was July 16, 1987. Pursuant to Election Law § 16-102 (2), the last day to commence a proceeding with respect to the petition was July 30, 1987. On August 5, 1987, the board of elections invalidated the petition, and the instant proceeding was thereafter commenced by order to show cause dated August 7, 1987.

Where the board of elections fails to notify a candidate of its decision to invalidate his or her petition within the 14-day statutory period prescribed by Election Law § 16-102 (2), and the petitioner is unable to satisfy the requirements of that section, it is error to dismiss the proceeding as untimely provided the petitioner acted with due diligence following notification by the board (see, Matter of Pell v Coveney, 37 NY2d 494; see also, Matter of Fortes v English, 133 AD2d 193 [decided herewith]). In this case, we conclude that the petitioners acted with due diligence in commencing the proceeding, and thus it was properly entertained (see, Matter of Pell v Coveney, supra; Matter of Carr v New York State Bd. of Elections, 104 AD2d 577).

Finally, the record in this case supports the court's finding of fact that the board improperly invalidated 76 of the signatures on the designating petition. Thus, the petition is valid and the petitioners were properly ordered on the ballot. Bracken, J. P., Niehoff, Rubin, Spatt and Harwood, JJ., concur.