(August 20, 1987)

■ In the Matter of DAVID HARVEY, Appellant, v GEORGE WOLF et al., Respondents, and ELLEN ANCRUM, Respondent-Respondent.—In a proceeding to validate a petition designating David Harvey as a candidate in the Democratic Party primary election to be held on September 15, 1987, for the

public office of Suffolk County Legislator, 13th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated August 4, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements and the proceeding is remitted to the Supreme Court, Suffolk County, for a determination on the merits.

The petitioner submitted a designating petition to the Suffolk County Board of Elections on July 16, 1987. On or about July 20, 1987, the respondent Ancrum filed specific objections to the petition. The Board of Elections notified the petitioner on or about July 21, 1987, that the aforementioned objections had been filed. The Board did not, however, render a determination with respect to the objections by July 30, 1987, the last day upon which to commence a proceeding (see, Election Law § 16-102 [2]). On that day the petitioner instituted the instant proceeding to validate the designating petition by service by mail. The Supreme Court dismissed the proceeding as untimely. We reverse.

The statutory time limitation is not to be strictly applied where the Board of Elections does not reject a candidate's designating petition until after the expiration of the 14-day statutory period. Rather, the proceeding should be entertained provided that the candidate acts with due diligence (see, Matter of Pell v Coveney, 37 NY2d 494; Matter of Carr v New York State Bd. of Elections, 104 AD2d 577; Matter of Jones v Sachs, 133 AD2d 195; Matter of Fortes v English, 133 AD2d 193). We conclude that the petitioner in the instant case so acted. Brown, J. P., Weinstein, Eiber and Kooper, JJ., concur.