■ In the Matter of DAVID LANSNER et al., Appellants, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding to validate a petition designating the petitioners as candidates in the Democratic Party primary election to be held on September 15, 1988, for the party positions of Members of the Kings County Democratic Committee from the 51st Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 16, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application to validate the petition is granted, and the Board of Elections of the City of New York is directed to place the petitioners' names on the appropriate ballots.

The petitioner David Lansner and sundry other candidates for the Kings County Democratic Committee for the 51st Assembly District brought the instant proceeding to have their designating petition declared valid. The designating petition was filed on July 14, 1988. Objections were filed, including a contention that, on some or all of the cover sheets, there was an over designation of the male and female members of the committee. Pursuant to Election Law § 16-102 (2), the last day to commence a proceeding with respect to the petition was July 28, 1988.

On August 1, 1988, the petitioners learned that the Board of Elections of the City of New York had invalidated the petition because the cover sheets failed to designate which of the candidates were male or female. After first seeking to reargue the Board's decision, the petitioners brought the instant proceeding to validate the petition by order to show cause dated August 4, 1988. Although the court stated that, if it reached the merits, it would have validated the designating petition, the proceeding was dismissed as untimely. We reverse and validate the petition.

Where the Board fails to notify a petitioner of its decision to invalidate a petition until after the 14-day period in Election Law § 16-102 (2) has expired, strict adherence to the statutory time period is not required provided the petitioner has acted with due diligence to commence the proceeding *(see, Matter of Pell v Coveney,* 37 NY2d 494). We have recently held that petitioners who act within five days of such notice from the Board have established due diligence *(see, e.g., Matter of Fortes v English,* 133 AD2d 193, *lv denied* 70 NY2d 604; *Matter of Carr v New York State Bd. of Elections,* 104 AD2d 577). Here the petitioners acted within three days of notification.

We further hold that the petition was improperly invalidated due to the failure to include the candidates' gender on the cover sheets. While Election Law § 2-104 (2) requires the designating petition to list the candidates separately by sexes *(see, Matter of Bosco v Smith,* 104 AD2d 462, *affd* 63 NY2d 698), there is no requirement in Election Law § 6-134 that the cover sheets contain gender information. Furthermore, the respondent-respondent has failed to rebut evidence presented that the designating petition carried the necessary gender information as to each candidate. Bracken, J. P., Rubin, Spatt, Harwood and Balletta, JJ., concur.