Court, Queens County, for further proceedings consistent herewith.

The record indicates that in addition to specifications referred to in the order to show cause to invalidate, dated July 26, 1993, additional specifications were submitted by the appellant John C. DeBerry to the Supreme Court on August 6, 1993.

Thereafter, the Supreme Court appointed a Special Referee to hear and report "on the specific objections raised by [the appellant]". The record indicates that the Referee only reviewed the additional specifications and determined that Garth Marchant did not have a sufficient number of signatures to validate his designating petition. However, on August 13, 1993, the Supreme Court held that the additional specifications submitted on August 6, 1993, should not have been considered by the Referee. Accordingly, the Supreme Court disaffirmed the Referee's report and dismissed the proceeding to invalidate the designating petitions.

Under the circumstances of this case, the matter is remitted for a review of all the specifications raised by the appellant and for a de novo determination thereon. Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.

■ In the Matter of CAMILLE M. DeFINA, Respondent, v JAMES P. McCALL et al., Respondents, JOSEPH P. GRANCIO et al., Appellants, and ARTHUR BRAMWELL et al., Intervenors-Appellants. [601 NYS2d 862] —In a proceeding, inter alia, to invalidate a petition designating James P. McCall as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of District Attorney, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Kings County (Garry, J.), dated August 2, 1993, as denied the applications of Joseph P. Grancio, Gustav Coffinas, Arthur Bramwell, and Gladys Pemberton, to direct that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of Kings County District Attorney.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the applications are granted, and the Board of Elections of the City of New York is directed to afford the voters of the Republican Party the opportunity to ballot at the Republican Party primary election, to be held on September 14, 1993, for the

public office of Kings County District Attorney (see, Matter of McCall v Hynes, 196 AD2d 618 [decided herewith]). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.

■ In the Matter of THERESA DiFILIPPO et al., Respondents, v JAMES P. McCALL et al., Respondents, JOSEPH P. GRANCIO et al., Appellants, and ARTHUR BRAMWELL et al., Intervenors-Appellants. [601 NYS2d 861] —In a proceeding, inter alia, to invalidate a petition designating James P. McCall as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of District Attorney, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Kings County (Garry, J.), dated August 2, 1993, as denied the applications of Joseph P. Grancio, Gustav Coffinas, Arthur Bramwell, and Gladys Pemberton, to direct that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of Kings County District Attorney.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the applications are granted, and the Board of Elections of the City of New York is directed to afford the voters of the Republican Party the opportunity to ballot at the Republican Party primary election, to be held on September 14, 1993, for the public office of Kings County District Attorney (see, Matter of McCall v Hynes, 196 AD2d 618 [decided herewith]). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.

■ In the Matter of THOMAS A. DICKERSON, Appellant, v THOMAS R. DALY, Respondent, et al., Respondents. [601 NYS2d 704] —In a proceeding to invalidate a petition designating Thomas R. Daly as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Conservative Party as its candidate for the public office of City Court Judge of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated August 12, 1993, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is granted, and the Board of Elections of the County of Westchester is directed to remove the name of Thomas R. Daly from the appropriate ballot.

We conclude that the judgment must be reversed and the