■ In the Matter of JAMES P. McCALL, Respondent, v CHARLES J. HYNES et al., Respondents, and ARTHUR BRAMWELL et al., Proposed Intervenors-Appellants. [601 NYS2d 707] —In a proceeding, *inter alia,* to invalidate a petition designating Charles J. Hynes as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of Kings County District Attorney, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Kings County (Garry, J.), dated August 2, 1993, as denied the applications of Arthur Bramwell and Gladys Pemberton (1) for leave to intervene, and (2) to direct that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of District Attorney.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the applications are granted, Arthur Bramwell and Gladys Pemberton are granted leave to intervene, and the Board of Elections of the City of New York is directed to afford the voters of the Republican Party the opportunity to ballot at the Republican Party primary election, to be held on September 14, 1993, for the public office of Kings County District Attorney.

Under the circumstances of this case, we find that the Supreme Court erred in denying the appellants' application to intervene *(see, Matter of Ramos v Alpert,* 41 AD2d 1012, 1013, *affd* 32 NY2d 903). Further, the court improperly denied the appellants' application for the opportunity to ballot *(see,* Election Law § 6-164). The appellants' application, made immediately after the two sole candidates withdrew their designating petitions stipulating that their respective petitions were invalid due to technical defects, was timely under the circumstances *(see, Matter of Pell v Coveney,* 37 NY2d 494; *Matter of Palais v D'Apice,* 112 AD2d 1078). Since the stipulation by the candidates would leave the Republican Party without a designated candidate at the general election, justice requires that the voters be afforded an opportunity to ballot at the primary election *(see, Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614; *Matter of Hunting v Power,* 20 NY2d 680; *Matter of Palais v D'Apice, supra).* Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.