Assembly District in Kings County. The Supreme Court granted the application to the extent of invalidating the designating petition with respect to Gomez's candidacy. We reverse so much of the judgment as failed to invalidate the petition designating Octtaviani as a candidate.

The above facts are similar to those of *Lemishow v Black* (104 AD2d 460, *affd* 63 NY2d 684). The evidence adduced at the hearing held in connection with this proceeding established unequivocally that Olga Gomez was not a resident of 460 7th Avenue, Brooklyn, but instead resided at 7420 Ridge Boulevard in Brooklyn. Although Gomez owns the 7th Avenue property, the cellar space in which Gomez claimed to reside was accessible to the building's tenants for storage purposes. The Supreme Court found that there were no business pursuits from that address, no bills for utilities, no telephone, and there was no testimony other than from Gomez that anyone resided in the cellar. The evidence established that her Ridge Boulevard apartment was where she resided with her spouse, children, and mother, the place from which her children attended school, and the center of her social and other contacts. Thus, Gomez's subscribing witness statement that "I now reside at 460 7th Ave which is in the * * * 51st Assembly District in the City of New York, in the County of Kings," was false and renders the petition designating her and Raul Octtaviani as candidates for the Republican Party positions of Members of the Republican State Committee invalid *(see, Lemishow v Black, supra; Matter of Boyarsky v Cohen,* 289 NY 630; *Matter of Crosbie v Cohen,* 281 NY 329). The contention of Gomez and Octtaviani that the entire designating petition need not be invalidated because Gomez falsely stated her residence is without merit *(see, Owens v Sharpton,* 45 NY2d 794).

In view of our determination, we need not reach the remaining contentions of the parties. Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.

■ In the Matter of GEORGE SABATELLA, Respondent, v JAMES P. McCALL et al., Respondents, JOSEPH P. GRANCIO et al., Appellants, and ARTHUR BRAMWELL et al., Intervenors-Appellants. [601 NYS2d 861] —In a proceeding, *inter alia,* to invalidate a petition designating James P. McCall as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of District Attorney, the appeal, as limited by the brief, is from so much of a judgment of the Supreme

Court, Kings County (Garry, J.), dated August 2, 1993, as denied the applications of Joseph P. Grancio, Gustav Coffinas, Arthur Bramwell, and Gladys Pemberton, to direct that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of Kings County District Attorney.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the applications are granted, and the Board of Elections of the City of New York is directed to afford the voters of the Republican Party the opportunity to ballot at the Republican Party primary election, to be held on September 14, 1993, for the public office of Kings County District Attorney *(see, Matter of McCall v Hynes,* 196 AD2d 618 [decided herewith]). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.

■ In the Matter of JOSEPH SUSSILLO et al., Respondents, v JAMES P. McCALL et al., Respondents, JOSEPH P. GRANCIO et al., Appellants, and ARTHUR BRAMWELL et al., Intervenors-Appellants. [601 NYS2d 863] —In a proceeding, *inter alia,* to invalidate a petition designating James P. McCall as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of District Attorney, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Kings County (Garry, J.), dated August 2, 1993, as denied the applications of Joseph P. Grancio, Gustav Coffinas, Arthur Bramwell, and Gladys Pemberton, to direct that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of Kings County District Attorney.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the applications are granted, and the Board of Elections of the City of New York is directed to afford the voters of the Republican Party the opportunity to ballot at the Republican Party primary election, to be held on September 14, 1993, for the public office of Kings County District Attorney *(see, Matter of McCall v Hynes,* 196 AD2d 618 [decided herewith]). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.

■ In the Matter of FRANK A. TINARI, Appellant, v GERALD BERGER et al., Respondents. [601 NYS2d 345] —In a proceeding to invalidate a petition designating James F. X. Doyle as a