(August 22, 1996)

■ In the Matter of ELIOT L. ENGEL, Appellant, v HERBERT MOREIRA-BROWN et al., Respondents. [647 NYS2d 296] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered August 6, 1996 in Albany County, which dismissed

petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Herbert Moreira-Brown as the Democratic Party candidate for the office of Member of Congress for the 17th Congressional District in the September 10, 1996 primary election.

Subsequent to the filing of a designating petition naming respondent Herbert Moreira-Brown (hereinafter respondent) as the candidate of the Democratic Party for the office of Member of Congress, 17th Congressional District, petitioner, a candidate for reelection for that same office, commenced this proceeding challenging, *inter alia,* the validity of numerous signatures contained thereon. At such time, there existed a separate challenge to respondent's designating petition filed by an objector, which included a challenge on the same grounds. That challenge resulted in an initial ruling by respondent State Board of Elections (hereinafter the Board) on July 30, 1996 that respondent's petition was, indeed, invalid due to an insufficient number of legitimate signatures. As a result of such ruling, respondent immediately inquired whether petitioner intended to pursue this proceeding which was scheduled for a hearing on August 1, 1996. Believing that the instant proceeding was rendered moot, counsel for petitioner advised respondent that this proceeding would be withdrawn.

On July 31, 1996, one day prior to the scheduled hearing date on the instant petition, the Board issued a new determination in the objector's challenge which resulted in the reinstatement of respondent's designating petition. Both petitioner and respondent were aware of such determination and, presumptively, its effect on the viability of the instant petition, now returnable the next day. Nonetheless, on August 1, 1996, not only did respondent fail to appear or properly oppose the within petition,* but counsel for petitioner also informed Supreme Court that he was not ready to proceed. His proffered excuse was his firm belief that this proceeding was rendered moot by the Board's initial determination in the objector's challenge. Although aware of the second determination upholding respondent's designating petition the prior day, petitioner's counsel contended that in light of his other obligations, scheduled for that same day, he was unable to prepare and thus sought an adjournment.

Supreme Court was then further informed that the objector's challenge resulted in a proceeding commenced in Bronx County

---

* Supreme Court disclosed on the record that respondent had contacted the court and sought an adjournment.

which was returnable the following Monday, August 5, 1996, and that opposing counsel in that proceeding would likely consent to a change of venue to Albany County. With petitioner's counsel alluding to what appeared to be a request for a lengthy adjournment (at least until after August 5, 1996), the court noted that due to the constraints imposed in matters of this kind (*see, Matter of Pell v Coveney*, 37 NY2d 494) and his peripatetic sitting schedule, an adjournment would be permitted only to the following morning, August 2, 1996 at 10:00 A.M., if petitioner would be ready to proceed. After counsel for petitioner refused to commit to the adjourn date without further consultation with his client, he then suggested to the court that due to the type of petition filed herein as compared to that filed in the other challenge commenced in Bronx County, which had the advantage of the Board's preliminary consideration of the sufficiency of the signatures, it entertain the other challenge first. Counsel for the Board objected. After counsel for petitioner reaffirmed that he was not prepared to proceed on the instant petition, Supreme Court dismissed the petition outright. Petitioner appeals and we affirm.

Significantly, petitioner's verified petition and request for judicial intervention was dated July 22, 1996—a full 10 days prior to the return date. Counsel's continued reliance upon the initial determination of the Board in the objector's challenge is, in our view, an insufficient excuse for his failure to adequately prepare for his challenge in this separate proceeding, especially when such initial determination was clearly subject to further review on an expedited basis. Although we note that Supreme Court did, in fact, initially offer a limited adjournment, the hesitancy of counsel to accept such adjournment and represent that he would be fully prepared to proceed at such new time, coupled with his seeming desire to fully piggyback his preparation in this proceeding upon the other challenge—a proceeding in which petitioner is clearly not a named party—supports Supreme Court's determination that petitioner remained wholly unprepared to properly proceed. With both parties either failing to appear or proceed in this matter, we find that the court properly exercised its discretion in dismissing the proceeding.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.