Matter of Mintz v Board of Elections in the City of N.Y. (2018 NY Slip Op 05801)





Matter of Mintz v Board of Elections in the City of N.Y.


2018 NY Slip Op 05801


Decided on August 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
The Following Order Was Entered And Filed On August 22,

Kahn, J.P., Gesmer, Oing, Singh, Moulton, JJ.


2018 7100 157145/18

[*1]In re Penny Mintz, etc., Petitioner-Appellant,
v
The Board of Elections in the City of New York, Respondent-Respondent, Rachel Lavine, Intervenor-Respondent.


Advocates for Justice Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Stephen Kitzinger of counsel), for The Board of Elections in the City of New York, respondent.
Kaplan Hecker & Fink LLP, New York (Roberta A. Kaplan of counsel), for Rachel Lavine, respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on August 15, 2018, affirmed for the reasons stated by Edmead, J., without costs or disbursements.
All concur except Gesmer and Moulton, JJ. who dissent in a memorandum by Gesmer, J. as follows:




GESMER, J. (dissenting)


I respectfully dissent and would reverse the order of the motion court to the extent appealed from.
On July 11, 2018, petitioner filed designating petitions and a cover sheet in which she stated that the "public position or party position" that she sought was "Member of the State Committee." No objection was filed. Respondent Board of Elections published a Record of designating petitions between July 12 and 20 which listed petitioner as a candidate for female State Committee. On July 24, the Board determined that petitioner had a "Prima Facie defect" because she failed to state that she was seeking to be the female State Committee Member. I would hold that this was incorrect for the following reasons.
Where a designating petition's statement of the office sought is "sufficiently informative so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections. . . it will be upheld" (Matter of Dipple v Devine , 218 AD2d 918, 919 [3d Dept 1995] [citations omitted], lv denied 86 NY2d 704). The Board was certainly not confused, as it immediately listed petitioner as seeking to be the female Committee Member.
Second, only the female Committee Member position was contested, and the petitioner has a recognizably female name. Therefore, this case is distinguishable from Matter of Bosco v Smith (104 AD2d 462 [2d Dept 1984], affd 63 NY2d 698 [1984]), cited by the motion court and by respondents. That decision focused on potential confusion caused by the candidates' failure [*2]to "designate their respective sexes anywhere on the designating petitions" in a race in which both the male and female slots were open, one candidate used an initial in place of a full first name, and there was no other indication of that candidate's gender on the designating petition (id. at 463). Moreover, the opinion in Bosco does not state whether the Rules of the Republican Party of the State of New York in effect in 1984 provided that the title of the offices sought contained the word "male" or "female."
Third, this result is not inconsistent with Election Law § 2-102[4] which requires that, where equal representation of genders is required by the applicable State Committee Rule, ballots and designating petitions "shall list candidates separately by sexes," but does not dictate how that should be done. That provision should be implemented in a way that avoids confusion and furthers a political party's chosen goal of equal representation of men and women in party leadership. I would find, in a circumstance such as this one, where only one of two gendered State Committee Member slots is open for election, and the candidate's gender corresponds to the open slot, that there is no possibility of confusion or deception, and the statutory requirement has been met.
Fourth, respondents' stated reason for seeking to invalidate the designating petition is that petitioner incorrectly listed the office sought, apparently because it did not include the word "female." However, the cited Rules of the Democratic Party of the State of New York refer to the office sought exclusively as "Member of State Democratic Committee," just as petitioner did. While the Rules also provide that "in all cases in which provision is made in this Section for the election of two members, one shall be a male and the other a female," the Rules do not include any separate title for the two offices. Finally, the 1,900 signatories who wanted petitioner's name to be on the ballot should not have their selection invalidated where there was no likelihood that any of them thought petitioner was a man or was running for the male slot (see Carusone v Varney , 227 AD 326, 328 [3d Dept 1950] ["enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature"], affd , 301 NY 669 [1950]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 22, 2018
DEPUTY CLERK