## (October 13, 1977)

■ In the Matter of M. HALLSTED CHRIST, Respondent, v ISABEL R. DODD et al., Constituting the Nassau County Board of Elections, Respondents, and VINCENT D'AGOSTINO, Appellant.—In a proceeding to declare petitioner to be the winner of the Conservative Party primary election, held on September 8, 1977, for the public office of Comptroller of Nassau County, the appeal is from a judgment of the Supreme Court, Nassau County, dated October 6, 1977, which granted the application. Judgment affirmed, without costs or disbursements. Leave to appeal from this determination to the Court of Appeals is granted to appellant. There were 3,539 votes cast for the candidates in the September 8, 1977 Conservative Party primary election for the public office of Comptroller of Nassau County, including 33 irregular votes arising out of an excess of machine votes over buff card signers in six election districts. Excluding the votes cast in these districts, petitioner-respondent Christ received 1,746 (50.26%) votes and appellant 1,728 (49.74%), a difference of 18 votes out of a total of 3,474 valid votes cast. If even substantially the same percentage proportion had been maintained in the six election districts in question, which accounted for 65 total votes, petitioner would also have been entitled to receive the nomination (see *Matter of Branagan v Todd*, 19 AD2d 337, affd 13 NY2d 888). In addition, it appears that because of the particular facts at bar, mathematical certainty is possible. After examining each of the six election districts separately, it is

clear that of the 19 total machine votes received by petitioner, at most 10 could have been irregular. Of the 46 total machine votes received by appellant, 23 would then have been irregular. Thus, charging petitioner with the maximum irregular votes possible, he would still have received 1,755 valid votes, as against 1,751 valid votes for appellant, a plurality of four votes, and the nomination. Since the irregularities do not in this case render impossible a determination as to who was rightfully elected (see Election Law, § 330, subd 2), it was within the power of Special Term to adjudge petitioner the winner of the primary election (see Election Law, § 330, subd 1). Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur. [ — Misc 2d —.]