■ In the Matter of SYLVESTER LEAKS, Appellant, v ISRAEL ROSENFELD et al., Respondents. — In a proceeding pursuant to section 16-102 of the Election Law to set aside a Democratic Party election held on September 23, 1982 for male member of the Democratic State Committee in the 43rd Assembly District, petitioner appeals from a judgment of the Supreme Court, Kings County

(Berkowitz, J.), dated October 21, 1982, which, *inter alia,* dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and application granted to the extent that the board of elections is directed to hold a new election among the four candidates for the office of male member of the Democratic State Committee in the 43rd Assembly District. Petitioner Sylvester Leaks commenced this proceeding pursuant to section 16-102 of the Election Law to set aside a Democratic Party election held on September 23, 1982 for male member of the Democratic State Committee in the 43rd Assembly District. Four candidates appeared on the ballot. Special Term found the election results to be as follows:

| | | |
|---|---|---|
| ROSENFELD | 1732 | (28.8%) |
| LEAKS | 1690 | (28.1%) |
| BOONE | 1451 | (24.2%) |
| PILGRIM | 1131 | (18.9%). |

A total of 536 irregularities were found by Special Term. This figure was then reduced to 185 by first reducing the original number of irregularities in proportion to the number of votes cast in this particular race (as opposed to the gubernatorial contest) and then multiplying the number of irregularities in each district by the proportion of votes obtained by Leaks and Rosenfeld. Despite the absence of any proof of fraud, Special Term employed a process of charging irregularities to each of the candidates on a district-by-district basis. Since we reject such a method, and the ratio of irregularities to the margin of victory is of such major proportion, we direct that a new election be held (see Election Law, § 16-102, subd 3; *Matter of Nodar v Power,* 18 NY2d 697; *Matter of Ippolito v Power,* 22 NY2d 594). Under the circumstances of this case, the new election must include all four candidates (see *Matter of Santucci v Power,* 25 NY2d 897). Titone, J. P., Lazer, O'Connor and Bracken, JJ., concur.