*883 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and judgment granted declaring that at the special election to be held on February 15,1983 all persons who are then registered to vote in the 43rd Assembly District and who are then enrolled members of the Democratic Party are entitled to vote, and directing respondent Board of Elections of the City of New York to permit such voters to participate in the special election.
During the primary election on September 23, 1982, appellant and three others were candidates for the position of Male Member of the Democratic State Committee in the 43rd Assembly District. Thereafter, in another proceeding, appellant successfully challenged the election’s validity and obtained an order directing respondent here to hold a new election (see Matter of Leaks v Rosenfeld, 91 AD2d 685).
On January 26, 1983, respondent informed the candidates that the election, set for February 15,1983, would be limited only to voters eligible to participate in the September election in accordance with respondent’s long-standing practice. Appellant commenced an article 78 proceeding, which was deemed by Supreme Court to be an action for declaratory judgment. The court sustained the determination of the respondent and the Appellate Division affirmed.
The right to vote is one of the most important and cherished constitutional rights. Persons registered and otherwise currently eligible to vote for the party office involved should not be declared ineligible merely because an earlier election was held to be tainted (cf. Matter of Doherty v Mahoney, 42 NY2d 1069, 1071-1072). In brief, present voting status is the most appropriate yardstick for eligibility.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order reversed, without costs, and judgment granted in accordance with the memorandum herein.