(October 16, 1985)

■ In the Matter of HANNAH KOMANOFF, Respondent, v ISABEL DODD et al., Constituting the Nassau County Board of Elections, et al., Respondents, and BRUCE NYMAN et al., Appellants.—In a proceeding pursuant to Election Law article 16, *inter alia,* to set aside the result of a primary election held on September 10, 1985, designating Bruce Nyman as the candidate of the Democratic Party for the public office of Supervisor of the City of Long Beach, and for a judgment directing that a new Democratic Party primary election be held for that office, the appeal is from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated October 9, 1985, which, after a hearing and upon the granting of petitioner's motion for judgment during trial pursuant to CPLR 4401, granted the petition to the extent of setting aside the result of the primary election held on September 10, 1985 and ordering a new primary election.

Judgment affirmed, without costs or disbursements.

The official results of the election, determined after a recount, were 3,125 votes in favor of Bruce Nyman and 3,093 votes in favor of Hannah Komanoff, a margin of 32 for Nyman. Special Term, in ordering that a new primary be held, found, "as a matter of law", that 107 of the persons who voted in the primary were not registered Democrats and were thus ineligible to vote in the primary (Election Law § 8-302 [4]) and that the board of elections had certified that, according to the public counters on the voting machines, there were 59 more votes cast than there were persons who signed voter registration (buff) cards.

While we are unable to conclusively determine from the record before us the precise number of nonregistered Democrats who voted in the primary, it was conceded that 98 persons who were not registered Democrats signed buff cards on the day of the primary. In addition, while it is clear that the board of elections did not certify that the public counters on the voting machines registered 59 votes more than there were signed buff cards, there was sufficient undisputed evidence in the record to support such a finding by Special Term.

Due to the narrow margin of victory, there were sufficient irregularities in the primary as to render impossible a determination as to who rightfully was nominated (Election Law § 16-102 [3]; *see, Matter of Ippolito v Power,* 22 NY2d 594).

Due to the documentary nature of the evidence in the case, and the admissions by appellants of irregularities, it was not improper to grant petitioner's motion for judgment during trial pursuant to CPLR 4401.

We have considered appellants' other contentions and find them to be without merit. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.