■ In the Matter of CHRISTOPHER ST. LAWRENCE, Appellant-Respondent, v JOSEPH R. HOLLAND, Respondent-Appellant, et al., Respondents. [648 NYS2d 692] —In a proceeding pursuant to Election Law article 16, *inter alia,* to review a determination of the New York State Board of Elections declaring Joseph R. Holland the candidate of the Independence Party for the 38th Senatorial District as a result of the primary election held on September 10, 1996, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 15, 1996, as upon invalidating all of the votes cast in Election Districts 6, 32, 58, and 70, confirmed the determination. Joseph R. Holland cross-appeals from so much of the same order as denied his motion to dismiss the proceeding as untimely.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an order granting the petition and declaring the petitioner, Christopher St. Lawrence, the candidate of the Independence Party for the 38th Senatorial District; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The instant controversy arises out of the primary election for State Senator for the 38th Senatorial District. Christopher St. Lawrence and Joseph R. Holland were rival candidates for the nomination of the Independence Party. In this case, the voting machines in Election Districts 6, 32, 58, and 70 reflected that more votes were cast than the number of people who actually signed in to vote. On the facts at bar, we are able to determine who was rightfully nominated, and upon doing so, determine that the petitioner actually received more votes than Joseph R. Holland *(see, Matter of Christ v Dodd,* 91 Misc 2d 250, *affd* 59 AD2d 728, *affd* 42 NY2d 1078).

The Supreme Court disregarded all of the votes in the election districts which contained irregularities. This was error because the court's action caused valid votes to be disregarded in Election Districts 58 and 70 *(see, Matter of Creedon,* 264 NY 40).

Having disregarded these votes, the court found that the results of the primary election were 67 votes for Holland and

65 votes for St. Lawrence. In Election District 58, however, nine Independence Party voters signed the pollbook, yet the machine reflected 10 votes for St. Lawrence and no votes for Holland. To avoid disenfranchising voters who had cast valid ballots, St. Lawrence should be credited with an additional nine votes, bringing the total number of votes for St. Lawrence to 74. In Election District 70, one person signed the pollbook, yet the machine reflected 15 votes for Holland and nine for St. Lawrence. Since Holland received the majority of the irregular votes, and giving him the benefit of the doubt, Holland should be credited with one additional vote, bringing the total number of votes for Holland to 68.

Since we are able to determine which candidate was rightfully nominated, we reverse the court's order insofar as appealed from and remit the matter for entry of an order granting the petition and declaring Christopher St. Lawrence the candidate of the Independence Party for the 38th Senatorial District.

Further, we reject Holland's contention that the proceeding should have been dismissed as untimely *(see, Matter of Lansner v Board of Elections,* 143 AD2d 236).

The parties' remaining contentions lack merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.