In light of this determination, we do not reach the appellant's remaining contentions. Fisher, J.P., Miller, Dillon and Eng, JJ., concur.

(October 17, 2008)

■ In the Matter of STEPHEN R. HUNTER, Appellant, v ORANGE COUNTY BOARD OF ELECTIONS, Respondent, and ROBERT A. ONOFRY, Respondent. [866 NYS2d 265]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to set aside the results of a primary election held on September 9, 2008 for the nomination of the Independence Party as its candidate for the public office of Surrogate, County of Orange, and to declare Stephen R. Hunter the rightfully-nominated candidate in that primary election or, alternatively, to direct that a new primary election be held for that nomination, Stephen R. Hunter appeals from a final order of the Supreme Court, Orange County (Owen, J.), dated October 1, 2008, which, after a hearing, in effect, granted that branch of the motion of Robert A. Onofry which was to dismiss the petition pursuant to CPLR 3211 (a) (7), dismissed the petition, and granted that branch of the cross petition of Robert A. Onofry which was to

declare Robert A. Onofry the rightfully-nominated candidate of the Independence Party in the primary election held on September 9, 2008.

Ordered that the final order is reversed, on the law, without costs or disbursements, that branch of the petition which was to set aside the results of the primary election held on September 9, 2008 and to direct that a new primary election be held for the nomination of the Independence Party as its candidate for the public office of Surrogate, County of Orange, is granted, that branch of the cross petition which was to declare Robert A. Onofry the rightfully-nominated candidate in the primary election held on September 9, 2008 is denied, that branch of the motion of Robert A. Onofry which was to dismiss the petition pursuant to CPLR 3211 (a) (7) is denied, and the Orange County Board of Elections shall hold a new primary election for that nomination.

Stephen R. Hunter alleges, and the Orange County Board of Elections concedes, that in a primary election held on September 9, 2008 to nominate the candidate of the Independence Party for the public office of Surrogate, County of Orange, the voting machines in eight election districts where no members of the Independence Party signed in to vote recorded a total of seven votes for Robert A. Onofry and a total of two votes for Hunter. In seven other election districts where at least one member of the Independence Party did sign in to vote, there were 17 more votes recorded by the voting machines than Independence Party voter signatures. At a hearing held before the Supreme Court on October 1, 2008 the parties agreed that, including the irregular votes and three challenged absentee ballots, Onofry received 222 votes and Hunter received 213 votes.

The Supreme Court should have granted that branch of Hunter's petition which was to set aside the primary results and hold a new primary election. Disregarding the votes in election districts where no Independence Party voters signed in to vote (see Matter of St. Lawrence v Holland, 232 AD2d 645, 645-646 [1996]), which can be attributed to a particular candidate, and disregarding one absentee ballot for Onofry which both parties agree should not be counted, the results of the primary election were 214 votes for Onofry and 211 votes for Hunter. Since the ratio of the remaining 17 irregular votes to the narrow margin of victory is of such major proportion that it is impossible to determine who rightfully was nominated, a new primary election must be held (see Election Law § 16-102 [3]; Matter of Ippolito v Power, 22 NY2d 594, 596-597 [1968]; Matter of Komanoff v Dodd, 114 AD2d 429, 429-430 [1985]; Matter of

*Leaks v Rosenfeld,* 91 AD2d 685, 686 [1982]). The percentage of the 17 unattributed irregular votes which would have to be attributable to the successful candidate in order to change the outcome of the election is within the range of percentages where the Court of Appeals has determined that a new election should be held (*see Matter of Mack v Cocuzzo,* 22 NY2d 901 [1968]; *Matter of Ippolito v Power,* 22 NY2d 594 [1968]; *Matter of Miller v Power,* 18 NY2d 706 [1966]; *Matter of Nodar v Power,* 18 NY2d 697 [1966]).

On the Court's own motion, it is

Ordered that the aggrieved parties are granted leave to appeal to the Court of Appeals, if they be so advised, pursuant to CPLR 5602 (b) (1) from the decision and order of this Court reversing the final order of the Supreme Court, Orange County (Owen, J.), dated October 1, 2008, and the following question is certified to the Court of Appeals: Was the decision and order of this Court properly made? Questions of law have arisen, which, in our opinion, ought to be reviewed by the Court of Appeals (*see* CPLR 5713). Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.