John H. Pennock, J.
These are two matters brought on before Special Term pursuant to show cause orders of Mr. Justice Cooke and appear to be proceedings under .section 330 of the Election Law. In view of the fact that time is of the essence the court shall treat both matters in a unilateral decision and orders based thereon are to be submitted separately.
Proceeding No. 1 is brought on by petitioners Eugene M. Hanofee and Edward C. Sykes to review the petitions and nominating certificates naming Robert C. Williams as candidate for the office of District Attorney and Louis Ratner as candidate for the office of Sheriff of the County of Sullivan on the Liberal party ticket. The petitioners pray that this court declare that the petitions designating Robert C. Williams and Louis Ratner as candidates of the Liberal party for the office of District Attorney and Sheriff of the County of Sullivan respectively, to be voted on at a primary election to be held on September 14, 1965, and a purported acceptance thereof, be declared null and void and further that the certificate of nomination of these candidates for the next general election to be held on November 2, 1965, be declared null and void and the acceptance thereof by the candidates be likewise declared null and void.
Proceeding No. 2 is a petition of Sam Chonin and Thelma Chonin for an order pursuant to section 330 of the Election Law directed to the Board of Elections of Sullivan County, requiring the .said Board of Elections to accept the designation of Robert C. Williams as Liberal party candidate for the office of District Attorney for the general election scheduled to be held November 2, 1965, and to reject the purported designation of Eugene M. Hanofee for the same office and position, and for such other and further relief as to this court may seem just and proper.
The Board of Elections is the respondent in both of these proceedings and appears by the County Attorney generally by letter dated August 26, 1965, addressed to the court. It did not participate in the oral arguments of the proceedings nor did they answer the petitions on behalf of the Board of Elections. However it handed up to the court as exhibits the papers involving each of the matters on file with the board. There was likewise no answer filed to either of the petitions except that one of the candidates, Robert C. Williams, filed with the court an affirmation dated August 26, 1965, in which he refutes some of the allegations of the petition in Proceeding No. 1. Two affidavits, sworn to the 26th day of August, 1965, were filed by Densil Ross and S. Richard Gross, the two objectors to the certificate of nomination of Robert C. Williams. These two *789 affidavits reaffirm the objections previously filed by the two affiants with the Sullivan County Board of Elections on August 19, 1965.
In the instant two proceedings the Board of Elections made no decision on the objections filed in respect to any of the candidates in either of the proceedings before this court. The Board of Elections should ordinarily pass on the sufficiency of designating and nominating petitions, but their jurisdiction is confined to ministerial as distinguished from judicial duties. The law permits boards to check names on petitions as to matters such as nonresidents or nonregistrations as disclosed by official records of the Board of Elections. But this does not authorize the board to pass on questions of invalidity requiring determination of issues of facts such as are ordinarily raised by claims of fraud or forgery. (Matter of Bednarsh v. Cohen, 267 App. Div. 133.) The board is limited to pass upon objections filed involving matters that appear on the face of the papers themselves, and to determine the validity of the objections and the sufficiency of the petitions. In other words the board does no more than scrutinize the face thereof as to compliance with the rules concerning designating petitions as set forth in section 136 of the Election Law. These proceedings involve questions which are not within the jurisdiction of the board to act.
In Proceeding No. 1, the objections filed by both objectors are similar, and the court can pass on them by numerical paragraphs and the determination shall apply to both.
Specification No. 1 alleges that Robert C. Williams is not a member enrolled in the Liberal party and cannot be designated as a candidate.
The court finds that this specification has merit and makes its determination along with specification 9.
Specification No. 2 alleges that the certificate of nomination was filed on August 12, 1965, naming Robert C. Williams as a candidate of the Liberal party for the office of District Attorney and that said certificate is void because it was not filed within the time prescribed by section 143 of the Election Law.
Specification No. 2 is without merit as the certificate of nomination, the petition in this case, was within an envelope postmarked prior to midnight of the last day of filing and must be accepted for filing by the Board of Elections when received. (Election Law, § 143, subd. 12.) (See Exhibits of Board of Elections.)
Specification No. 3 alleges the certificate of nomination filed August 12,1965, is void in that the designating petition was filed naming Robert C. Williams as candidate to be voted on at the *790 September 14, 1965 primary election and he did accept such designation.
Objection number 3 is without merit as the candidate Williams accepted the nomination as evidenced by acceptance certificate filed in accordance with section 139 of the Election Law.
Specification No. 4 alleged that a quorum was not present at the meeting and due notice of the meeting was not given, also that Thelma Chonin one of the persons who signed the petition also signed the purported certificate of nomination in contradiction to the statements in the designating petition.
Objection No. 4 is without merit as a quorum was present at the meeting. A hearing was held at Special Term and Sam Chonin, the presiding officer at the two meetings held by the Liberal party testified that he gave notice of the first meeting pursuant to the requirements of the rules of the party and the Election Law. There is no evidence to the contrary offered by any of the parties, therefore the court finds that there was a quorum present and that the notice given of the meetings was valid. Article 3, section 4 of the Bules and Begulations of the Liberal party required that five members of the Liberal party be present to constitute a quorum and such number was present.
The second part of paragraph 4 of the specifications has been determined by the court in answer to specification number 3.
Specification No. 5 alleges that candidate Williams is not a member of the Liberal party and therefore not qualified as a candidate of that party. The court determines that specification No. 5 has merit and makes its determination along with specification 9.
Specification No. 6 alleges that the purported certificate of nomination voided the said designating petition.
The court determines that this specification is without merit. No certificate of nomination was filed with the Board of Elections other than the designating petitions. The petition designates Williams as a candidate for the nomination to the public office of District Attorney, to be voted for at the primary election to be held on the 14th day of September, 1965. The designating petitions for a primary resolve into an actual nomination of the candidate if no opposition develops to require a primary election for the position. In the present instance a certificate of nomination would not be filed, other than the petition, unless a vacancy occurred, in such event the committee on vacancies would file the certificate of nomination.
Specification No. 7 claims that the purported certificate of nomination was issued contrary to the rules of the Liberal party and is therefore null and void.
*791 Objection No. 7 is without merit. The court finds that a petition signed by more than the required number of members of the Liberal party was filed with the Board of Elections designating Williams as a Liberal party candidate for the office of District Attorney. The petition itself is not governed by the rules of a party and it is not the property of a candidate or a party. It is a petition initiated by enrolled members of a party placing their signatures thereon. The petition must comply with the Election Law and not any party rules.
Specification No. 8 alleges that the purported certificate of nomination is null and void because it fails to designate persons to act as a vacancy committee.
The court finds that this objection is without merit in that the petition contains three names of individuals to act as a vacancy committee who are members of the Liberal party.
Specification No. 9 alleges that the designating petition contains the name of Thelma Chonin and that the certificate of nomination also contains the name of Thelma Chonin.
The court finds that one Thelma Chonin was instrumental at the committee meeting and executive board meetings of the Liberal party in making motions, in seconding motions and voting thereon. This was all invalid and contrary to the rule of the Liberal party in that she was not an enrolled voter of the Liberal party at the time of such participation. The court determines that specification No. 9 does have merit. Candidate Williams in his affidavit alleges that the acts of Thelma Chonin were ministerial acts as secretary in behalf of the Liberal Party Executive Committee. With this the court takes issue in that subdivision 4 of section 137 requires that the certificate of authorization shall be signed and acknowledged by the presiding officer and the secretary of the meeting at which such authorization was given. If this is acceptable as a ministerial act then the entire proceedings of a party can be usurped by nonmembers. The minutes of the Executive Committee fail to set forth any such authorization by those present at the meeting to file certificate of authorization. Section 137 of the Election Law specifically requires a nonmember of the Liberal party to be authorized by the County Committee and it is incumbent and a duty of such party to see that proper authorization is given in accordance with the intent of the Election Law. The law jealously guards the rights of parties and the purpose of this section is to prevent raids on any political party by or on behalf of persons who have elected not to be members of such political parties. (Matter of Ingersoll v. Curran, 188 Misc. 1003.) There is no provision in this section which permits the substitution of nonparty members *792 for party members at a County Executive Committee meeting nor to act as an officer.
It is true that only a quorum of five is required for nominations of party candidates for public office and that her vote was excessive in that six individuals were present at the committee meeting of August 2. Article 2, section 10 of the Rules of the Liberal party requires that officers and members of County Committees and the officers and members of the county executive committee and all standing and special subcommittees shall be enrolled voters of the Liberal party. At its meeting of August 2, 1965, the County Committee decided not to act on any candidates and “ give it over to the Executive Committee to decide on all candidates ”. The Executive Committee met on August 5 at which time a motion was made by Thelma Chonin who was apparently a member of the Executive Committee and participated in this Executive Committee meeting for the purpose of steering the decisions of the Liberal party where in effect she was not a member of the Liberal party. All these events transpired with the imputed knowledge of the remaining members of the Executive Committee and the chairman, Sam Chonin. This discrepancy standing by itself may not be fatal. However, coupled with other discrepancies, it is dictated that the court take particular notice, particularly when a Liberal party member has filed objections and specifications being entertained by the court at this time. (See objections and specifications of Densil Ross.)
Candidates for public office are designated by petitions, in accordance with sections 134, 135, 136 or 137 of the Election Law. These candidates are designated by the petitions signed solely by enrolled voters of the party in which they seek nomination. The enrolled voters of the party may circulate many petitions, there being no limitations in law as to the number of candidates who may be designated. However, it is not until the final day of filing that an authorization can be filed after a designating petition has been filed for a particular candidate. This authorization certificate avers that the meeting of the County Executive Committee was held on August 2, 1965. The minutes of the meeting indicate that the meeting was held on the 5th day of August, 1965. This discrepancy in dates is not fatal. The authorization certificate also strikes out that part which states that Williams be designated as candidate “ at the primary election to be held on the 14th day of September, 1965 ”. It is apparent from this authorization that the committee had the intention to designate Williams for a primary election at the *793 time of the meeting of August 2, 1965 if opposition resulted. There were no further meetings of the committee. The certificate was actually executed on the 12th day of August, 1965, by Sam Chonin, presiding officer, and Thelma Chonin, secretary. There is nothing before the court to indicate the Executive Board met after August 5, 1965, and no such testimony was brought out on the hearing that such a meeting was held. Therefore it would appear that the presiding officer and the de facto secretary, if she be one, executed the certificate as a related act to the committee meeting. Apparently authorization certificates may be voted upon prior to the time a designation is made by petitions. It is a predetermination made by the party’s committee or the Executive Committee. Subdivision 4 of section 137 of the Election Law allows for three days after the last day to file such designating petitions for the certificate of authorization to be filed with the said board. In this manner the Executive Board or the County Committee has notice of the various petitions on file with the Election Board and can call a meeting and then authorize a nonmember candidate as a candidate if it has not done so at a prior meeting. The statute would seem to imply, that is section 137 of the Election Law, the existence of a valid petition to which an authorization may be filed but does not imply that such authorization has to be granted subsequent to the last filing day by the party, in this instance August 10, 1965. (Election Law, § 143, subd. 1.)
The court determines that although objections and specifications Nos. 1, 5 and 9 have some merit and raise questions of improper procedure, they are not individually or collectively sufficient for the court to invalidate the petition, however, they were of sufficient serious nature for the court to discuss in this decision and action should be taken to correct these faulty procedures.
There were no notice or specifications of objections filed in the first instance in respect to the candidacy of Louis Batner as a candidate for the office of Sheriff of the County of Sullivan on the Liberal party ticket. Therefore the court shall not assume jurisdiction in respect to the designation of Louis Batner for the office of Sheriff nor for other positions as set forth in the petition, and remits this designating petition to the Sullivan County Board of Elections for appropriate action pursuant to section 149 of the Election Law. The member of the Liberal party who filed objections in respect to the Williams’ candidacy failed to file any objections in respect to the remainder candi *794 dates and the petition, therefore the court shall not interject itself as there is no objection raised.
In conclusion the court validates the candidacy of Robert C. Williams as District Attorney on the Liberal party ticket for the primary election to be held on the 14th day of September, 1965. Any application to nullify his candidacy for the November 2 general election is premature at this time.
The petitioners Hanofee and Sykes to submit order in accordance with this determination immediately.
Now the court directs its attention to proceeding No. 2 which pertains to the candidacy of Robert C. Williams as the Liberal party candidate and the designation of Eugene Hanofee for the same office. Based upon a review of the Board of Elections’ records in respect to the petitions filed naming Eugene Hanofee for the public office of District Attorney for the Liberal party, the court finds as follows:
That no certificate of authorization was filed permitting Eugene M. Hanofee, a nonmember of the Liberal political party, to be a candidate for a primary election of September 14, 1965. The court therefore concludes that the petition is null and void. The court therefore finds that the specifications of objections filed on the 17th day of August, 1965, with the Sullivan County Board of Elections by Sam Chonin and Thelma Chonin have merit. Objection No. 1 alleged the said petitions are not duly authorized by the Liberal party committee in accordance with subdivision 4 of section 137 of the Election Law. The court determines the petition is invalid in law. It is not necessary for the court to pass on other objections set forth in that this primary requirement has not been met.
The court has heretofore determined in proceeding No, 1 that the authorization certificate filed in behalf of Mr. Williams as a nonmember candidate of the Liberal party for the primary election to be held on September 14, 1965, is valid and that such certificate complies with the intent of subdivision 4 of section 137 of the Election Law.
The court denies the request for an order to designate candidate Williams as the candidate of the Liberal party for the office of District Attorney at the general election of November 2, 1965, as such application is premature. The court assumes there is no opposition but there is nothing before the court to permit it to conclude that no other petition, other than the Hanofee petition, is filed with the board. Further it would be axiomatic to grant such order as he resolves into the position pf the nominated candidate if there is an uncontested primary.
*795 Petitioners Chonin and Ohonin to submit order in accordance with this decision.
It is further determined and ordered that the Board of Elections implement the provisions of this decision in the same manner as if it were an order of this court.