## FOURTH DEPARTMENT, SEPTEMBER, 1977

### (September 16, 1977)

■   In the Matter of EARL W. COLVIN et al., Respondents, v RICHARD D. ROMEO et al., Constituting the Board of Elections of the County of Onondaga, Respondent, and GERALD L. SYROCKI et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: Respondents, candidates for the offices of Mayor of the City of Syracuse, President of the Common Council of Syracuse and Commissioner of Education of Syracuse, filed designating petitions with the Board of Elections of Onondaga County on July 7, 1977, the last day upon which such petitions could be filed. Appellants Syrocki, Kalbfleisch and Tremont filed objections to respondents' petitions with the board on July 11 and filed specifications to those objections on July 18. On July 19 the appellants instituted a proceeding pursuant to section 330 of the Election Law, seeking to declare respondents' petitions invalid. The respondents were served with an order to show cause on or prior to July 21 with the return date set for August 1. On Friday, July 22, the day after the statutory period had elapsed, the board of elections declared respondents' petitions invalid, thereby rendering moot appellants' invalidity proceeding. The respondents were informed of the board's decision by letters dated July 22. On Monday, July 25, respondents instituted the instant proceeding pursuant to section 330 to declare their petitions valid. Appellants appeared specially on August 1 and moved to dismiss respondents' petition as not timely filed within the 14-day period required by section 330. Special Term held that the petition was timely. We affirm. Where, as in this case, a determination by the board of elections adverse to a prospective candidate has been rendered after the statutory period established by section 330 has expired, a proceeding challenging that determination is timely instituted if it is promptly initiated following notification, either formal or informal, of the board's decision to the prospective candidate *(Matter of Pell ·v Coveney,* 37 NY2d 494, 496; *Matter of Brownrout v Mahoney,* 45 AD2d 945). Appellants' assertion that respondents were required to institute their proceeding upon notification to them that objections to their petitions had been lodged, is untenable. Respondents were not "aggrieved candidates," within the meaning of section 330 of the Election Law, until the board of elections·had rendered a ruling adverse to them. Consequently, prior to action by the board, respondents were under no obligation to institute prematurely a section 330 proceeding. (Appeal from

order of Onondaga Supreme Court—Election Law.) Present—Marsh, P. J., Dillon, Denman and Witmer, JJ. (Decided Aug. 24, 1977.)