■ In the Matter of WILLIAM B. FINNERAN, Appellant, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, and PETER J. TONER, Respondents.—In a proceeding, *inter alia,* to invalidate the petition designating Peter J. Toner as a candidate in the Conservative Party primary election to be held on September 12, 1978, for the public office of Member of the Assembly from the 89th Assembly District, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 17, 1978, which dismissed the proceeding. Judgment reversed, on the law and the facts, without costs or disbursements, application granted and the Board of Elections is directed to remove the name of Peter J. Toner from the appropriate ballot. The address of the candidate was not set forth in compliance with subdivision 1 of section 6-132 of the Election Law (see *Matter of Vari v Hayduk,* 42 NY2d 980; *Matter of Rutter v Coveney,* 38 NY2d 993). This defect invalidates sheets 1 through 11 of the designating petition. Therefore, there are insufficient signatures for a valid petition. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of MAXINE FRATELLO, Appellant, v CARL KRUGER et al., Respondents.—In a proceeding, *inter alia,* to validate petitions designating the petitioner as a candidate in the Democratic Party primary election to be held on September 12, 1978, for the party office of State Committeeman (Female) from the 39th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 18, 1978, which, *inter alia,* (1) denied the petition for lack of jurisdiction and (2) directed the Board of Elections to remove the petitioner's name from the appropriate ballot. Judgment affirmed, without costs or disbursements. The order to show cause and supporting papers which commenced the instant proceeding provided, *inter alia,* for service upon each of the respondent-objectors by (1) affixing the order to show cause and supporting papers to the outer door of the residence of each of the objectors and (2) mailing the said papers to the objectors, both to be done on or before August 10, 1978. Petitioner mailed the papers to each objector on August 10, 1978. However, instead of affixing the relevant papers to the outer door of each of the objector's residence, as required by the terms of the order to show cause, petitioner had the papers placed in the mail box. The mode of service provided for in the order to show cause was jurisdictional in nature, and must be complied with (see former Election Law, § 335). Accordingly, the judgment denying the petition for lack of jurisdiction must be affirmed (see *Matter of Bruno v Ackerson,* 51 AD2d 1051, affd 39 NY2d 718). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.