(March 11, 1988)

■ In the Matter of ANDREW E. MOSS et al., Appellants, v ANTONIA D'APICE et al., Constituting the Board of Elections of Westchester County, et al., Respondents. (Proceeding No. 1.) In the Matter of CAROLEE C. SUNDERLAND et al., Appellants, v ANTONIA D'APICE et al., Constituting the Board of Elections of Westchester County, et al., Respondents. (Proceeding No. 2.)— In a proceeding to validate (proceeding No. 1) and a cross proceeding to invalidate (proceeding No. 2), petitions designating the petitioners in proceeding No. 1 as candidates in the Republican Party primary election to be held on April 19, 1988, for the party positions of delegates and alternate delegates to the 1988 Republican National Convention from the 20th Congressional District, all supporting Jack F. Kemp, the appeals are from (1) a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered March 4, 1988, which dismissed proceeding No. 1, and (2) a judgment of the same court, also entered March 4, 1988, which dismissed proceeding No. 2.

Ordered that the judgment in proceeding No. 1 is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the judgment in proceeding No. 2 is dismissed as academic, without costs or disbursements, in light of our determination with respect to the judgment in proceeding No. 1.

The Supreme Court properly dismissed the validation proceeding (proceeding No. 1) as jurisdictionally defective because of the petitioners' failure to effectuate personal service upon objector Sunderland within the prescribed period of 14 days after the last day to file petitions (see, Election Law § 16-102; *Matter of Gadsen v Board of Elections,* 57 NY2d 751; *Matter of Wein v Molinari,* 51 NY2d 717; *Matter of Macri v D'Apice,* 122 AD2d 905; *Matter of Fratello v Kruger,* 64 AD2d 937; *Matter of Bruno v Ackerson,* 51 AD2d 1051, *affd* 39 NY2d 718).

*Matter of Pell v Coveney* (37 NY2d 494), upon which the petitioners rely, is distinguishable; the delay of the Westchester County Board of Elections in issuing its determination herein invalidating the petition until after the last day for commencing a proceeding did not cause proceeding No. 1 to be untimely. Instead, the petitioners in proceeding No. 1 actually attempted to commence the proceeding within the statutory time limit but did not do so properly. Thus, the untimeliness of proceeding No. 1 was due to the petitioners' actions *(see, Matter of Elston v Mahoney,* 122 AD2d 969). Accordingly, the Supreme Court properly dismissed proceeding No. 1 for lack of jurisdiction. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.