■ In the Matter of Augustus F. Bessinger, Respondent, v William A. Mahoney et al., as Commissioners of the Schenectady County Board of Elections, et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Lynch, J.), entered August 14, 1989 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Republican Party candidate for the office of City Councilman of the City of Schenectady in the September 12, 1989 primary election.

On July 13, 1989, petitioner filed a petition with the Schenectady County Board of Elections designating him as the Republican Party candidate for the office of City Councilman of the City of Schenectady. Objections were timely filed by respondent David J. Mennillo (hereinafter respondent). By decision dated July 27, 1989, the Board invalidated the designating petition, finding that the wrong primary election date was set forth on each page. On July 31, 1989, petitioner commenced this proceeding to declare his designating petition valid. Respondent served his answer on August 7, 1989, together with a cross motion including various allegations of fraud. After a hearing on August 9, 1989, Supreme Court deemed the proceeding timely, but dismissed respondent's cross motion as untimely. On the merits, Supreme Court found that the correct primary date of September 12, 1989 was clearly set forth throughout the petition and thus validated the petition. This appeal ensued.

Initially, we agree with Supreme Court that the proceeding was timely commenced. We recognize that the 14-day time period, set forth in Election Law § 16-102 (2), for commencing such a proceeding expired July 27, 1989. Petitioner, however, was not notified of the Board's determination until July 28, 1989, a Friday, and commenced this proceeding the ensuing Monday. Given this time sequence, we find that petitioner acted with due diligence in commencing the proceeding *(see, Matter of Lansner v Board of Elections,* 143 AD2d 236; *Matter of Powers v New York State Bd. of Elections,* 122 AD2d 970, 971, *appeal dismissed* 68 NY2d 806). We reach the opposite conclusion with respect to respondent's cross motion. An objector must comply with the statutory 14-day time limitation regardless of any determination by the Board *(see, Matter of Thompson v Wallace,* 45 NY2d 803, 804; *Matter of Garrow v Mitchell,* 112 AD2d 1104, *lv denied* 65 NY2d 607). This is particularly so where, as here, allegations of fraud have been raised beyond the domain of the Board *(see, Matter of Hanofee v Board of Elections,* 47 Misc 2d 787, 789, *mod on other grounds* 24 AD2d 729, *affd* 16 NY2d 885).

Upon reviewing the designating petition, we further agree that the correct primary election date was clearly set forth as required by Election Law § 6-132 (1).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.