■ In the Matter of SHERWOOD L. BESTRY, as Candidate of the Democratic Party for Amherst Town Justice, Appellant, v EDWARD J. MAHONEY et al., Constituting the Erie County Board of Elections, et al., Respondents.—Order unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner's last-day service by mail was proper under the circumstances. The Board of Elections notified the petitioner that his petition had been invalidated on July 31, 1989, after the 14-day period within which a court proceeding was required to be commenced in order to validate the petition (Election Law § 16-102 [2]).

Where, as here, petitioner promptly acts to validate a designating petition after late notice of the Board of Elections action, strict application of the time period in which to commence a proceeding is not required *(Matter of Pell v Coveney,* 37 NY2d 494). Petitioner promptly served the respondent by mail as provided in the order to show cause. Under these circumstances, strict application of the time period in which to commence a proceeding would be unjust and we thus deem the service to be timely *(Matter of Pell v Coveney, supra; Matter of Fuentes v D'Apice,* 122 AD2d 904, *appeal dismissed and lv denied* 68 NY2d 765). We also find that the order to show cause gave respondents adequate notice of the issues to be litigated.

We hold that petitioner's designating petition should be validated and petitioner's name be put on the Democratic ballot for the office of Amherst Town Justice. Alterations in a designating petition that are properly explained, as those in question were, will not invalidate petitions where there is no evidence of fraud or confusion *(Matter of Grancio v Coveney,* 60 NY2d 608, 611 [1983]). Respondent failed to allege or prove fraud or confusion in this case. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—Election Law.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ. (Order entered Aug. 24, 1989.)