(September 10, 1999)

■ In the Matter of JAMES F.X. DOYLE et al., Appellants, v FRANK M. MACKAY et al., Respondents, and SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. [695 NYS2d 296] —In a proceeding, *inter alia,* to invalidate the September 23, 1998, organizational meeting of the County Committee of the Independence Party, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 2, 1999, which granted the respondents' motion to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The proceeding was properly dismissed for failure to join a necessary party (*see,* CPLR 1001 [a]; *Matter of Schaffer v Withers,* 186 AD2d 836; *Matter of Rizzo v Withers,* 158 AD2d 497; *Matter of Oberle v Caracappa,* 133 AD2d 241; *Matter of Curcio v Wolf,* 133 AD2d 188).

In light of this determination, we need not reach the petitioners' remaining contentions. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.

■ In the Matter of ROGER HIGGINS, Appellant, v FANNIE MARTELL et al., Respondents. [695 NYS2d 296] —In a proceeding pursuant to Election Law § 16-102 to invalidate a petition for an opportunity to ballot by providing for a write-in candidate in a primary election to be held on September 14, 1999, for the nomination of the Independence Party as its candidate for the public office of Member of the Dutchess County Legislature, District 7, the appeal is from a final order of the Supreme Court, Dutchess County (Beisner, J.), dated September 9, 1999, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court did not err in denying the petition for failure to commence the proceeding within the time prescribed by Election Law § 16-102 (2) (*see, Matter of Bessinger v Mahoney,* 153 AD2d 791).

In light of our determination, we need not reach the appellant's remaining contention. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.