The failure of Franz N. Stoppenbach to join Glenn S. Goldstein as a necessary party to the proceeding within the limitation period set forth in Election Law § 16-102 [2] was a fatal defect that could not be cured after its expiration (*see, Matter of Marin v Board of Elections,* 67 NY2d 634; *Matter of Curcio v Kelly,* 193 AD2d 738). Accordingly, the Supreme Court properly dismissed his petition.

■ In the Matter of FRANZ N. STOPPENBACH, Appellant, v GLENN S. GOLDSTEIN et al., Respondents. [731 NYS2d 898] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to invalidate a petition designating Glenn S. Goldstein as a candidate in a primary election to be held on September 25, 2001, for the nomination of the Democratic Party as its candidate for the public office of Member of the Dutchess County Legislature for the 31st Legislative District, the petitioner appeals from a final order of the Supreme Court, Dutchess County (Nicolai, J.), dated September 18, 2001, which, after a hearing, dismissed the proceeding as untimely.

Ordered that the final order is affirmed, without costs or disbursements.

The proceeding was properly dismissed as untimely, since it was not commenced within 14 days after the last day to file the designating petition (*see,* Election Law § 16-102 [2]; *Matter of Thompson v Wallace,* 45 NY2d 803; *Matter of Crable v Le Fever,* 84 AD2d 584). A prior order of the same court extending the time within which to commence proceedings applied only to special designating petitions, which Glenn S. Goldstein's designating petition was not.

The petitioner's remaining contentions are without merit. Krausman, J. P., Schmidt, Smith and Crane, JJ., concur.