*832 OPINION OF THE COURT
Thomas A. Dickerson, J.
The Bedford Town Justice
The petitioner, George A. Sirignano, is a Town Justice in the Town of Bedford and is seeking reelection in this year’s general election to be held on November 4, 2003. The Independence Party designated the petitioner as its candidate for the office of Bedford Town Justice and filed nominating petitions on his behalf with the respondent, the Westchester County Board of Elections (the Board). The respondent, Kevin J. Quaranta (respondent candidate), would also like to be a Bedford Town Justice and in that regard Independence Party nominating petitions were circulated on his behalf and were filed with the Board on July 8, 2003.
The Objections and the Board’s Decision
The petitioner timely filed general and specific objections with the Board challenging the respondent candidate’s Independence Party petitions as being insufficient, ineffective, false, fraudulent, invalid and null and void. On July 23, 2003 the Board ruled on the petitioner’s objections finding 10 of the 27 filed signatures invalid but otherwise finding the respondent candidate’s Independence Party nominating petitions valid.
“The petition, as filed, contained twenty-seven (27) signatures. The Board sustained ten (10) objections. Since thirteen (13) signatures were necessary and the petition contains seventeen (17) valid signatures, the petition remains valid and the name of Kevin J. Quaranta will appear on the September 9, 2003 ballot for the Independence Party for the office of Town Justice, Town of Bedford.”
The Petition Seeking Judicial Review
On July 25, 2003 the petitioner filed a petition, brought on by order to show cause, seeking judicial review of the Board’s July 23, 2003 decision validating the respondent candidate’s Independence Party nominating petitions. At a conference held before this court on July 30, 2003 the parties were directed to address the threshold jurisdictional issue of the timeliness of the filing of the petition at a subsequent hearing. On August 1, 2003 the parties appeared at a hearing and after extensive argument this court dismissed the petition for the following reasons.
*833 Election Law § 16-102 (2)
Election Law § 16-102 (2) applies to this case and provides as follows:
“A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later * * ❖ ”
The 14-Day Filing Rule
A judicial proceeding to validate or invalidate a petition must be brought within 14 days after the last date to file a petition with the Board which in this case was July 10, 2003. A failure to file within the 14-day period is a fatal jurisdictional defect requiring dismissal on the grounds of untimeliness (see e.g., Matter of Eckart v Edelstein, 185 AD2d 955, 956 [2d Dept 1992] [“Thus, it was not timely commenced, and the court lacked jurisdiction to consider the merits of the petitioners’ claims”]; Matter of Miller v Canary, 133 AD2d 199, 200 [2d Dept 1987]; Matter of Moss v D’Apice, 138 AD2d 436 [2d Dept 1988]; Matter of Augustine v D'Apice, 153 AD2d 714 [2d Dept 1989]).
It is clear that the petitioner filed the petition on July 25, 2003 and, hence, failed to file his petition within 14 days of July 10, 2003. As such the petition must be dismissed as untimely.
A Common-Law Exception: The Three-Day Extension Rule
To protect candidates whose petitions were found to be invalid by Boards of Elections after the 14-day time period to file a petition had run the Court of Appeals created an exception to the 14-day filing rule in Matter of Pell v Coveney (37 NY2d 494, 496 [1975] [“Here, the petitioners received notice of the Election Board’s determination that their designating petitions were invalid after the 14-day period had run. The instant proceeding was commenced on that same day. To hold that the petitioners are foreclosed from seeking their statutory remedy under these circumstances would be to frustrate the legislative purpose and lead to a perverse result”]) which was followed by other courts (Matter of Fortes v English, 133 AD2d 193 [2d Dept 1987]; Matter of Bessinger v Mahoney, 153 AD2d 791, 792 [3d Dept 1989]; Matter of Bestry v Mahoney, 154 AD2d 889, 890 [4th Dept 1989]).
*834 The Common-Law Rule Codified
This common-law exception to the 14-day filing rule was codified into the 1992 amendment to Election Law § 16-102 (2) but the exception only applies to a proceeding seeking to validate a petition found to be invalid by the Board of Elections (Matter of Eckart v Edelstein, 185 AD2d 955 [2d Dept 1992] [“the last day (to institute proceedings challenging a finding of invalidity) was August 10, 1992, which was 14 days after the last day to file the designating petition and three business days after August 5, 1992, when the Board of Elections ruled on the invalidity of the designating petition”]; Matter of Pericak v Hooper, 207 AD2d 950, 951 [4th Dept 1994] [“Election Law § 16-102 (2), as amended, ‘[b]y its clear and unambiguous language, * * * permits a proceeding to be commenced within three business days after the board “makes a determination of invalidity with respect to such petition” ’ ”]) and does not apply to a proceeding seeking to invalidate a petition found to be valid by the Board of Elections (Matter of Bruno v Peyser, 40 NY2d 827, 828 [1976] [“Objectors, unlike candidates, have sufficient knowledge and information regarding the nature of the objections in order to enable them to commence a timely proceeding to invalidate designating petitions without the need to await a determination of the Board of Elections”]; Matter of Thompson v Wallace, 45 NY2d 803, 804 [1978] [“Since it was petitioner who objected to the designating petition, he was obligated to commence this proceeding within the statutory time period, irrespective of any determination by the Board of Elections”]; Matter of Blenman v Herron, 51 NY2d 750, 752 [1980] [“The exception carved out for candidates in Matter of Pell * * * does not apply to objectors”]; Matter of Godzisz v Mohr, 197 AD2d 839 [4th Dept 1993] [“By its clear and unambiguous language, the amendment permits a proceeding to be commenced within three business days after the board ‘makes a determination of invalidity with respect to such petition’. It does not apply to this proceeding brought to invalidate a petition that was not invalidated by the board”]; Matter of Krupczak v Mancini, 153 AD2d 785, 786 [3d Dept 1989] [“Since petitioners are not candidates whose petitions have been declared invalid * * * petitioners were required to act within the prescribed time limit * * *”]; Matter of Stoppenbach v Goldstein, 287 AD2d 666, 667 [2d Dept 2001] [“a proceeding pursuant to Election Law § 16-102 * * * to invalidate a petition * * * was properly dismissed as untimely, since it was not commenced within 14 days after the last day *835 to file the designating petition” (citing Matter of Thompson v Wallace, supra,)]).[1]
It is clear in the instant case that the Board found the respondent candidate’s Independence Party nominating petitions to be valid (not invalid) and, hence, the three-day extension rule, an exception to the 14-day filing rule, does not apply. As such the petition must be dismissed as untimely.
The Paradox of the Rapp Case
The petitioner relies upon Matter of Rapp v Wright (218 AD2d 776, 777 [2d Dept 1995] [“The petitioners established that the petitioner * * * commenced the proceeding by order to show cause within three business days of the determination of the respondent Westchester County Board of Elections denying his objections”]) for the proposition that the three-day extension rule in Election Law § 16-102 (2) applies not only when the Board of Elections declares nominating petitions to be invalid but also when they are declared valid.[2]
This proposition is (1) contrary to the express language in Election Law § 16-102 (2) (the Board “makes a determination of invalidity [of the] petition”), (2) the pre-1992 common-law cases discussing the need for a three-day extension in which to file a petition to protect candidates whose petitions were invalidated by the Board of Elections after 14 days, the period during which a petition must otherwise be filed, and (3) the post-1992 cases applying the three-day extension rule codified in Election Law § 16-102 (2) to only those proceedings seeking to declare valid petitions declared invalid by the Board of Elections.
A Need For Clarification
To the extent that Rapp carves out a new exception to the 14-day filing rule by expanding the scope of the three-day extension rule to petitions declared valid by the Board of Elections, there is a need for clarification from the Appellate Division, Second Department. This is so for several reasons.
First, Rapp is clearly inconsistent with the Court’s own decisions in Matter of Eckart v Edelstein (185 AD2d 955, 956 [2d Dept 1992] [“(t)he last day (to institute proceedings challeng *836 ing a finding of invalidity) was August 10, 1992, which was 14 days after the last day to file the designating petition and three business days after August 5, 1992, when the Board of Elections ruled on the invalidity of the designating petition”]) and Matter of Stoppenbach v Goldstein (287 AD2d 666, 667 [2d Dept 2001] [“a proceeding pursuant to Election Law § 16-102 * * * to invalidate a petition * * * was properly dismissed as untimely, since it was not commenced within 14 days after the last day to file the designating petition” (citing Matter of Thompson v Wallace, supra)]).
Second, the Appellate Division, Fourth Department, in Matter of Godzisz (197 AD2d 839 [1993], supra) and in Matter of Pericak (207 AD2d, supra at 951 [1994]), following the express language of Election Law § 16-102 (2) (the Board “makes a determination of invalidity [of the] petition”), has limited the application of the three-day extension rule to proceedings seeking to declare valid petitions declared invalid by the Board of Elections.
And, third, and, perhaps, most importantly, other courts and legal scholars have seemingly recognized Rapp as authority for an expansion of the application of the three-day extension rule to petitions declared valid by the Board of Elections. (See e.g., Matter of Cheevers v Gates, 230 AD2d 948 [3d Dept 1996] [“We need not address the question of whether respondents were entitled to the three-day extension provided for by Election Law § 16-102 (2)”]; but see Matter of Rapp [three-day extension applicable]; Matter of Godzisz [three-day extension inapplicable]; 50 NY Jur 2d, Elections § 811 [Designation and Nomination], discussing both Rapp and Godzisz.)[3]
Accordingly, the petition is dismissed as untimely.

. See Kenny, Roberson & McKenna, Election Law Handbook, Supreme Court, Appellate Division, Second Department, at 70-71 (2003).

. This court reviewed portions of the record on appeal including the underlying decision of Justice Peter P. Rosato, dated August 16, 1995, and the petitioners-appellants’ statement pursuant to CPLR 5531.

. 50 NY Jur 2d, Elections § 811 (Designation and Nomination) (“Likewise, a proceeding to invalidate a designating petition was not dismissed as timely where the petitioner showed that he commenced the proceeding by an order to show cause within three business days of the determination of the Board of Elections denying his objections, and the respondent offered only a bare conclusory assertion that the determination was made at some earlier time [Matter of Rapp v Wright, supra]. However, the provision permitting a proceeding to be commenced within three business days after the ‘board makes a determination of invalidity with respect to such petition,’ does not apply to a proceeding brought to invalidate a petition which has not been invalidated by the board” [citing Matter of Godzisz v Mohr, supra]).