Matter of Sayegh v Scannapieco (2004 NY Slip Op 50888(U))

[*1]

Matter of Sayegh v Scannapieco

2004 NY Slip Op 50888(U)

Decided on August 13, 2004

Supreme Court, Putnam County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2004

Supreme Court, Putnam County
IN THE MATTER OF AN APPLICATION PURSUANT TO 16-102 OF THE ELECTION LAW WILLIAM G. SAYEGH and REMA M. SAYEGH, Petitioners,
against
ANTHONY G. SCANNAPIECO, JR. and ROBERT J. BENNETT, Commissioners of the Putnam County Board of Elections, and JOHN P. CUNNINGHAM, Respondents.
1200/04

Robert A. Weis, Esq.
Counsel to Victor G. Grossman, Esq.
Attorney for Petitioners
9 Fair Street
Carmel, N.Y. 10512
John Ciampoli, Esq.
Attorney for Respondents
99 Washington Avenue
Suite 702
Albany, N.Y. 12210

Thomas A. Dickerson, J.
Petitioners, William G. Sayegh and Rema M. Sayegh [ " the Petitioners " ], filed a Verified Petition, brought on by Order to Show Cause dated August 3, 2004, seeking an order declaring valid their Independence Party Designating Petitions [ " Petitions " ] designating them to be State Committee persons of the 99th Assembly District, Putnam County [ to be voted on at a primary election to be conducted on September 14, 2004 ] and directing the Putnam County Board of Elections to restore the validity of the Petitions.
The Respondents' Answer
The Respondents, Anthony G. Scannapieco, Jr. And Robert J. Bennett, Commissioners of the Putnam County Board of Elections
[ " the Commissioners " ], and John P. Cunningham, filed an Answer dated August 9, 2004. Oral Argument on the matter was heard by this Court on August 10, 2004, wherein the parties were directed and each did file a Memorandum of Law on August 12, 2004. Petitioners also filed a Reply Memorandum on the same day.
Election Law § 16-102(2): Jurisdictional Defect
Respondents contend that a jurisdictional defect exists in that service of the papers by Petitioners is defective, in direct violation of Election Law § 16-102(2) which states:
"A proceeding with respect to a petition shall be
 instituted within fourteen days after the last day
[*2] to file the petition, or within three business days
 after the officer or board with whom or which such
 petition was filed, makes a determination of invalidity
 with respect to such petition, whichever is later..."
The Fourteen Day Filing Rule
In general, Election Law § 16-102(2) requires that a judicial proceeding to validate or invalidate a designating petition must be brought within fourteen days from the last scheduled date for filing the designating petition with the Board of Elections. A failure to do so within this time period is a fatal jurisdictional defect resulting in a dismissal of the proceeding as untimely [ See e.g., Matter of Miller v. Canary, 133 A.D.2d 199, 200, 518 N.Y.S. 2d 843 ( 2d Dept. 1987 ); Matter of Moss v. D'Apice, 138 A.D.2d 436, 526 N.Y.S. 2d 9 ( 2d Dept. 1988 ); Matter of Augustine v. D'Apice, 153 A.D.2d 714, 544 N.Y.S. 2d 732 ( 2d Dept. 1989 ); Matter of Stempel v. Kinley, 176 A.D.2d 1063, 1064, 575 N.Y.S. 2d 209 ( 3d Dept.
1991 )].
The Three Day Extension Rule
The single exception to the fourteen day filing rule, which had previously existed by judicial fiat [ See Matter of Pell v. Coveney, 37 N.Y.2d 494, 496, 373 N.Y.S. 2d 860 ( (1975 ); Matter of Colvin v. Romeo, 59 A.D.2d 641, 398 N.Y.S. 2d 292 ( 4th Dept. 1977 ); Matter of Fortes v. English, 133 A.D.2d 193, 518 N.Y.S. 2d 699 ( 2d Dept.
1987 ); Matter of Bessinger v. Mahoney, 153 A.D.2d 791, 792, 545 N.Y.S. 2d 222 ( 3d Dept. 1989 ); Matter of Bestry v. Mahoney, 154 A.D.2d 889, 890, 546 N.Y.S. 2d 45 ( 4th Dept. 1989 )] has now been codified into law by a 1992 amendment to Election Law Section 16-102(2). This exception, like the judicially created exception, is applicable only to a judicial proceeding to validate a petition found invalid by the Commissioners of the Board of Elections [ See Matter of Pericak v. Hooper, 207 A.D.2d 950, 951, 617 N.Y.S. 2d 247 ( 4th Dept. 1994 )] and allows the candidate to commence the validating proceeding either within the fourteen day period or within three business days after the Board issues its determination of invalidity, whichever is later (see Matter of Eckart v. Edelstein, 185 A.D.2d 955, 956, 586 N.Y.S. 2d 832 ( 2d Dept. 1992 ); Matter of Pericak v. Hooper, 207 A.D.2d 950, 617 N.Y.S. 2d 247 ( 4th Dept. 1994 )]. Calculation of the three business days period commences with the first business day after the date of determination of invalidity by the Board of Commissioners [ See Matter of Pericak v. Hooper, 207 A.D.2d 950, 951, 617 N.Y.S. 2d 247 ( 4th Dept. 1994 )].
Commencement Must Be Timely
For purposes of the fourteen day filing requirement, "commencement" of the proceeding occurs upon the filing of the executed and signed Order To Show Cause and Verified Petition with the Clerk of the Court in compliance with CPLR 304. The petitioner must also complete service on all necessary parties within the period prescribed by Election Law Section 16-102(2) in order to
[*3]
" institute " the proceedings in a timely fashion [ See Matter of Green v. Mahr, 230 A.D.2d 873, 646 N.Y.S. 2d 385 ( 2d Dept. 1996 ); Matter of Macri v. D'Apice, 122 A.D.2d 905, 906, 505 N.Y.S. 2d 945 ( 2d Dept. 1986 ), affd 68 N.Y.2d 764 ); Silkowski v. Cacace, 308 A.D. 2d 425, 746 N.Y.S. 2d 189 ( 2d Dept. 2003 ); Marino v. Orange County Bd. Of Elections, 307 A.D. 2d 1011, 763 N.Y.S. 2d 505 ( 2d Dept. 2003 ); Wilson v. Garfunkle, 5 A.D. 3d 409, 772 N.Y.S. 2d 552 ( 2d Dept. 2004 )].
DISCUSSION
The Facts
On or about July 15, 2004 Independence Party designating petitions purporting to designate Petitioners, William G. Sayegh and Rema M. Sayegh, as candidates for State Committee persons in the 99th Assembly District, Putnam County, were delivered to the Putnam County Board of Elections. On or about July 19, 2004, objections were filed by Respondent John P. Cunningham followed by specifications on July 26, 2004. On July 28, 2004, the Respondents, Anthony G. Scannapieco, Jr. and Robert J. Bennett [ " the Commissioners " ] made a determination of invalidity, i.e., the Petitioners' Independence Party designating petitions were found to be defective and were declared null and void. A letter dated July 28, 2004 from the Commissioners containing notice of their determination of invalidity was communicated to Petitioners by mail postmarked on July 29, 2004. On July 30, 2004, Petitioners went to the offices of the Putnam County Board of Elections to inquire about the determination with respect to their designating petitions and were advised by an employee of the Board of Elections that no information was available until Monday, August 2, 2004 at 3:00 p.m. Petitioners filed their papers, which consisted of an unsigned Order to Show Cause with a Verified Petition [ and an unsigned Order to Show Cause with an Amended Verified Petition ], with the Putnam County Clerk on August 2, 2004, but service upon the Putnam County Board of Elections of a signed Order To Show Cause and Verified Petition was not effected until August 6, 2004.
The Verified Petition Is Jurisdictionally Defective

According to the New York State Board of Elections, the last day for filing Designating Petitions was July 15, 2004. Since the Statute of Limitations in matters relating to designations pursuant to Election Law Section 16-102(2) is fourteen days after the last day to file designating petitions, that date in this case was July 29, 2004.
The three day business day exception is applicable to this matter because this is a judicial proceeding to validate a petition. Therefore, Petitioners' last day to file and complete service of their papers [ a signed Order To Show Cause and Verified Petition ] would have been August 2, 2004, which is three business days from July 28, 2004, the day that the Putnam County Board of Elections determined that Petitioners' Independence Party designating petitions were invalid. Although Petitioners filed their papers on August 2, 2004, they did not complete service "on all necessary parties" until August 6, 2004, in clear violation of the Election Law Section 16-102(2) [*4]Statute of Limitations and the applicable case law. Petitioners' failure to timely file and serve their signed Order To Show Cause and Verified Petition is a fatal jurisdictional defect.
Accordingly, the Verified Petition is dismissed as untimely.
The foregoing constitutes the decision, order and judgement of this Court.
White Plains, N.Y.
August 13, 2004

__________________________________
HON. THOMAS A. DICKERSON
 SUPREME COURT JUSTICE
TO:
Robert A. Weis, Esq.
Counsel to Victor G. Grossman, Esq.
Attorney for Petitioners
9 Fair Street
Carmel, N.Y. 10512
John Ciampoli, Esq.
Attorney for Respondents
99 Washington Avenue
Suite 702
Albany, N.Y. 12210